PAUL A. BONIN, Judge.
 

 L Calvin Walker is a prisoner in the custody of the Louisiana Department of Corrections who is confined at the Winn Correctional Center. He filed a lawsuit for tort damages against the state in the Eighth Judicial District Court for the Parish of Winn, but was, he claims, unable to prepay the costs of court. His failure to prepay the filing fees resulted in an automatic stay of those proceedings pursuant to the provisions of La. R.S. 15:1186 B(2) of the Prison Litigation Reform Act, La. R.S. 15:1181-1190.
 

 He then instituted this action, initially pursuant to La. R.S. 15:1171. § 1171 is an administrative procedure. In that procedure, he challenged the constitutionality of § 1186 B(2). The administrative decision was unfavorable to him and he sought judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. While the judicial review proceedings were pending, he was permitted to amend and supplement his petition in the district court to seek a declaratory judgment of the unconstitutionality of § 1186 B(2). La. C.C.P. arts. 1871
 
 et seq.
 
 The attorney general was served with the amended and supplemental |2petition. La. C.C.P. art. 1880. After a contradictory hearing, a commissioner of the district court recommended that the prisoner’s request for declaratory relief be denied and that the administrative decision denying
 
 *784
 
 his initial request be set for hearing. On June 2, 2008, the district judge adopted the commissioner’s recommendation.
 

 Mr. Walker appealed the judgment to the Court of Appeal, First Circuit. The parties filed briefs on the issue appealed. On January 26, 2009, the First Circuit issued a rule for the parties to show cause why the appeal should not be dismissed on the grounds that the judgment was non-appealable. The parties responded by timely filing briefs. The judges of the First Circuit recused themselves from this matter.
 
 [1]
 
 On July 9, 2009, the Supreme Court of Louisiana transferred the appeal to this circuit.
 

 The June 2, 2008, judgment denying a declaratory judgment is neither a final judgment nor a partial final judgment. La. C.C.P. arts. 1841, 1877 and 1915.
 
 [2]
 
 No relief was granted to any party and the plaintiffs suit was not dismissed as to any party; thei’e is no dispositive language in the decree. Therefore, it is an interlocutory judgment. La. C.C.P. art. 1841. Article 2083 C provides that “[a]n interlocutory judgment is appealable only when expressly pi’ovided by law.” We have been cited no law which would allow an appeal from this interlocutory judgment.
 
 Cf, e.g.,
 
 La. C.C.P. art. 3612 B. Accordingly, because this is not an
 
 \
 
 ^appealable judgment, we dismiss Mr. Walker’s appeal of the judgment of June 2, 2008, and remand the matter to the district court for further proceedings.
 

 APPEAL DISMISSED.
 

 [1]
 

 . The assistant attorney general assigned to this matter was also representing the judges themselves in other litigation.
 
 See
 
 La. C.C.P. art. 1880 and Opinions of Supreme Court Committee on Judicial Ethics No. 217 (May 29, 2009).
 

 [2]
 

 . Even if this denial of a declaratory judgment which did not dismiss a lawsuit could be construed as a partial final judgment, it would still not be an appealable judgment because the trial court did not designate it as such. La. C.C.P. art. 1911.