GAIDRY, J.
|2This is an appeal of a judgment sustaining a peremptory exception of no cause of action and dismissing the plaintiffs petition for declaratory judgment. For the sound reasons assigned by the trial court and for the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
On July 10, 1991, Terril K. Steiner was convicted in St. Tammany Parish of three counts of violating La. R.S. 14:81 (indecent behavior with a juvenile) and one count of violating La. R.S. 14:92(7) (contributing to the delinquency of juveniles). He was sentenced to serve two years in the parish jail on each count, the sentences to be served concurrently. He was never in the custody of the Louisiana Department of Public Safety and Corrections during his incarceration or sentence and was released in August 1992.
The Louisiana Megan’s Law, La. R.S. 15:540, et seq., took effect on June 18, 1992.[1] Louisiana authorities subsequently did not require Mr. Steiner to register as a sex offender under that law, and he has not in fact so registered since the effective date of that law.
Mr. Steiner later resided in the state of Florida. In 2005, Florida authorities contacted him and required him to register as a sex offender under Florida law, based upon his Louisiana convictions. Later that year, Mr. Steiner moved to the state of Mississippi, his current domicile. Mississippi authorities learned of his Florida sex offender registration and [3required him to register as a sex offender in that state, again based upon his Louisiana convictions.
On December 17, 2008, Mr. Steiner filed the present action against the Louisiana Department of Public Safety and Corrections (the State) seeking a judicial declaration that he is not required to register as a sex offender as required by La. R.S. 15:540, et seq.[2] Mr. Steiner has alleged that the requirement of his registration as a sex offender in Mississippi is predicated upon his status as a “sex offender” or “child predator” under the cited Louisiana law.[3] He further alleges that he has not been required to register in Louisiana and *1191 that he in fact is not required to so register. Specifically, he alleges that because his offenses were committed prior to the effective date of the Louisiana Megan’s Law and because he was never in the custody of the State, they do not fall within the statutory definition of “sex offense” under La. R.S. 15:541(24) from the initial effective date of the statute to the present.[4] Additionally, he alleges that none of his offenses fall within the statutory definition of “sexual offense against a victim who is a minor” under La. R.S. 15:541(25), or any other provision of law requiring registration.
The State filed an answer to the petition in the form of a general denial. Trial on the merits was scheduled for August 5, 2009. On July 28, ]42009, the State filed a peremptory exception of no cause of action. The trial court deferred the hearing of the State’s exception to the trial of the case, pursuant to La. C.C.P. art. 929(B).
At the trial on August 5, 2009, the parties stipulated that if Mr. Steiner were called to testify, he would testify that the facts set forth in his verified petition were true. Copies, of two minute entries relating to Mr. Steiner’s 1991 convictions, attached to his petition, were also introduced in evidence. The trial court directed the parties to submit post-trial memoranda and took the matter under advisement for decision.
On October 30, 2009, the trial court ruled that the exception would be sustained and issued written reasons for judgment. In its reasons for judgment, the trial court concluded:
Registration for Mississippi residents is governed by the laws of that State. A finding by this Court that Mr. Steiner is not required to register in Louisiana would not be determinative of whether Mr. Steiner would be required to register under the procedures and laws of the State of Mississippi. Thus, the rendering of a declaratory judgment as to Mr. Steiner’s status under Louisiana law would not end the controversy giving rise to this proceeding.
The trial court’s judgment sustaining the peremptory exception of no cause of action and dismissing the action was signed on November 24, 2009.
Mr. Steiner now appeals.
STANDARD OF REVIEW
A trial court’s judgment sustaining the peremptory exception of no cause of action is subject to de novo review by an appellate court, employing the same principles applicable to the trial court’s determination of the exception. Block v. Bernard, Cassisa, Elliott & Davis, 04-1893, p. 8 (La.App. 1st Cir.11/4/05), 927 So.2d 339, 344. The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the 1 ^petition, in terms of whether the law extends a remedy to anyone under the petition’s factual allegations. Id. For purposes of determining the issues raised by a peremptory exception of no cause of action, the well-pleaded facts in the petition must be accepted as true, and the court must determine if the law affords the plaintiff a remedy under those facts. Id., 04-1893 at- p. 9, 927 So.2d at 345. Any doubts are resolved in favor of the sufficiency of the petition. Id.
*1192 DISCUSSION
A person “whose rights, status, or other legal relations are affected by a statute” may seek the determination of “any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder.” La. C.C.P. art. 1872. Declaratory judgment may be rendered “whether or not further relief is or could be claimed.” La. C.C.P. art. 1871. Nevertheless, a declaratory judgment has the force and effect of a final judgment or decree and may serve as the basis for a petition seeking further relief. See La. C.C.P. arts. 1871,1878.
However, the court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, will not terminate the uncertainty or controversy giving rise to the proceeding. La. C.C.P. art. 1876. Our jurisprudence has limited the availability of declaratory judgment by holding that “courts will only act in cases of a present, justicia-ble controversy and will not render merely advisory opinions.” Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 701 (La.1993).
A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character. Am. Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993). It has been generally defined as a dispute between “adverse parties with opposing claims ripe for judicial determination,” involving “specific adversarial questions asserted by interested parties based on existing facts.” Prator v. Caddo Parish, 04-0794, pp. 5-6 (La.12/1/04), 888 So.2d 812, 816.
In the context of declaratory judgment, a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, and must be a substantial and actual dispute as to the legal relations of parties having real, adverse interests. Wooley v. State Farm Fire & Cas. Ins. Co., 05-1490, p. 5 (La.App. 1st Cir.2/10/06), 928 So.2d 618, 622. Such a justiciable controversy must be distinguished from one that is merely hypothetical or abstract, or one presenting an issue that is academic, theoretical, or based on a contingency that may or may not arise. See Am. Waste & Pollution Control Co., 627 So.2d at 161-62.
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. La. C.C.P. art. 1880. Mr. Steiner’s avowed purpose in bringing this action is to obtain persuasive legal authority that may influence the determination of the interest of the state of Mississippi in his registration as a purported sex offender. The state of Mississippi is not and cannot be made a party to the present action, and any declaratory judgment or decree on the legal issue presented would not be conclusive or binding on Mississippi courts’ interpretation of its own laws applicable to its own citizens, even to the extent that such laws may rely upon interpretation of Louisiana law for limited purposes.
17There is nothing in the petition or the evidence at trial suggesting that the state of Louisiana has ever or will ever seek to compel Mr. Steiner’s registration as a sex offender or prosecute him for failure to register. Accepting the existing facts as framed by Mr. Steiner, the present dispute is based upon an uncertain (and evidently unlikely) contingency and is thus neither immediate nor actual. The parties do not have real, adverse interests ripe for judi *1193 cial determination, and any judgment or decree rendered would not have conclusive effect upon the actual controversy affecting Mr. Steiner’s rights and status. As such, any judgment or decree upon the legal issue would amount to a mere advisory opinion.
As correctly urged by the State, the only justiciable controversy posed under the facts of this case is that between Mr. Steiner and the state of Mississippi, not the state of Louisiana. We appreciate his apparent dilemma in resolving the legal conundrum supposedly posed by Mississippi law. But Mr. Steiner’s proper recourse is to seek declaratory relief in the courts of that state, which should be relied upon to apply appropriate legal principles in the interpretation of Louisiana law, if Louisiana law indeed determines the issue of registration in Mississippi. See, e.g., Stallworth v. Miss. Dep’t of Pub. Safety, 986 So.2d 259 (Miss.2008).
Because there is no justiciable controversy presented under the facts as alleged and shown at trial, Mr. Steiner has failed to state a cause of action, and the trial court also lacked subject matter jurisdiction. Because our subject matter jurisdiction is derivative of that of the trial court, we also lack jurisdiction to determine the merits of Mr. Steiner’s claims.
The judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Terril K. Steiner.
AFFIRMED.

.See Acts 1992, No. 388, effective June 18, 1992. The popular name of this law mirrors that of similar laws enacted throughout the country in the wake of a nationally-publicized murder. Megan Kanka was a seven-year-old New Jersey girl who was raped and murdered in 1994 by an adult neighbor who had previously been convicted of sex offenses against children. The crime served as the impetus for the enactment of laws nationwide for mandatory registration of sex offenders. Louisiana’s law has since been amended several times and revised to comport with minimum standards for state programs and neighborhood notification of sex offender residence contained in the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program Act, 42 U.S.C. § 14071 and with the federal guidelines of the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901, et seq.

. The district attorney of the 22nd Judicial District Court was also named as a defendant but was subsequently dismissed by stipulation of the parties.

. See Miss.Code Ann. § 45-33-21, et seq., particularly § 45-33-23(a), defining "conviction” and "conviction of similar offenses” and § 45-33-23(g), defining "sex offense.” Included within the latter definition of “sex offense” are "[a]ny other offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere,” (Miss.Code Ann. § 45-33-23(g)(xvi)), and "[a]ny offense resulting in a conviction in another jurisdiction for which registration is required in the jurisdiction where the conviction was had” (§ 45-33-23(g)(xvii)).

. The statute, originally enacted as La. R.S. 15:542(E), provides that any described offense committed prior to its original effective date of June 18, 1992, constitutes a "sex offense” if the person convicted "is under the custody of the Department of Public Safety and corrections on or after June 18, 1992.”