McClendon, j.
|2In this appeal, Royce Toney, the former Sheriff of Ouachita Parish, challenges a declaratory opinion of the Louisiana Board of Ethics (Ethics Board), finding that Sheriff Toney could not use his campaign funds to pay legal fees that he incurred in connection with the defense of criminal charges against him contained in a federal indictment. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On February 22, 2012, the United District Court for the Western District of Louisiana, Monroe Division, indicted Sheriff Toney on twenty-one counts, which included conspiracy, fraud, and related activity in connection with computers, identity theft, obstruction of an investigation, and obstruction by retaliating against a victim. The indictment provided that at all relevant times therein, Sheriff Toney was the elected sheriff of Ouachita Parish.
Count 1, the conspiracy count, alleged that Sheriff Toney, with others, conspired to track the communications of a former employee of the Ouachita Parish Sheriffs Office (OPSO). Count 1 also alleged that Sheriff Toney contacted an employee of the OPSO, inquiring about obtaining telephone records, that Sheriff Toney asked the employee to access the former employee’s telephone records, providing said employee with the former employee’s email address and password, and that a computer at the OPSO was repeatedly utilized to access the former employee’s personal email account without authorization.
The fraud counts, Counts 2-10, alleged that Sheriff Toney, on nine different dates, intentionally and without authorization, and in excess of authorization, accessed a protected computer and obtained information. The identity theft counts, Counts 11-19, alleged that Sheriff Toney, on nine different dates, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person with the intent to commit unlawful activity. Count 20, obstruction of an investigation, alleged that Sheriff Toney corruptly influenced, obstructed, and im *1045 peded a criminal investigation by the Federal Bureau of Investigation by reformatting and installing a new operating Usystem to the computer utilized to commit the crimes charged in Counts 2 through 19. The last count, Count 21, alleged that Sheriff Toney knowingly, with the intent to retaliate, took an action harmful to the former employee, that is, an internal affairs investigation, for providing to a law enforcement officer truthful information relating to the commission of a federal offense.
On March 2, 2012, Sheriff Toney made a request for an advisory opinion from the Ethics Board regarding whether he could use his campaign funds to pay legal fees incurred in connection with the defense of the charges contained in the criminal indictment. On May 16, 2012, Sheriff Toney withdrew his request for an advisory opinion and converted the request to an application for a declaratory opinion.[1] He also requested that the matter be heard at the June 2012 meeting of the Ethics Board.
The Ethics Board considered the application for the declaratory opinion at its June 15, 2012 meeting. Following the hearing on June 15, 2012, the Ethics Board concluded that LSA-R.S. 18:1505.21 of the Campaign Finance Disclosure Act prohibited Sheriff Toney from using his campaign funds to pay legal fees incurred in connection with his federal indictment.[2] On July 20, 2012, a declaratory opinion was approved and published by the Ethics Board.
On August 8, 2012, Sheriff Toney submitted an application for rehearing and a request for reconsideration. In support of its application, Sheriff Toney submitted the affidavit of Michael Reese Davis, Sheriff Toney’s attorney in connection with his federal criminal charges. Mr. Davis attested, in part, that Sheriff Toney entered into a plea agreement with the government and that he pled guilty on August 2, 2012, to the misdemeanor charges of accessing a former employee’s computer.[3] At a meeting held on August 17, 2012, and upon Preview of Sheriff Toney’s request, the Ethics Board denied the request for rehearing.
Thereafter, on September 13, 2012, Sheriff Toney filed this appeal, assigning the following as error:
1. The Ethics Board erred in disregarding its previous advisory opinions where the Ethics Board held an elected official may use his campaign funds to pay for the defense of a criminal indictment when the conduct is related to the holding of public office.
2. The Ethics Board erred in issuing a declaratory opinion concluding the allegations in the criminal indictment brought against Sheriff Toney were not related to Sheriff Toney’s holding of public office as the Sheriff of Ouachita Parish.
3. The Ethics Board erred in not allowing into evidence a videotape of an internal affairs investigation that resulted in the most serious count in the indictment brought against Sheriff Toney.
*1046 DISCUSSION
The Board of Ethics is established by LSA-R.S. 42:1132 and is charged with enforcing the Louisiana Code of Ethics. See LSA-R.S. 42.T132.[4] The purpose of the Code of Ethics is to further the public interest by insuring that the law protects against conflicts of interest on the part of Louisiana’s public officials and state employees by establishing ethical standards to regulate the conduct of those persons. See LSA-R.S. 42:1101. Duplantis v. Louisiana Bd. of Ethics, 2000-1750, 2000-1956 (La.3/23/01), 782 So.2d 582, 586.
Sheriff Toney requested a declaratory opinion from the Ethics Board pursuant to LSA-R.S. 42:1141.1.[5] Louisiana Revised Statutes 42:1141.1 provided:
A. Upon application of a public servant, other person, or agency, the board may declare rights, status, and other legal | ¡¡relations established by the provisions of this Chapter or by any other law within its jurisdiction or under opinions issued by the board, either before or after there has been a breach thereof. The applicant may seek to have the board determine any question of construction or validity arising under the provisions of this Chapter or by any other law within its jurisdiction.
B. The board’s power to declare rights, status, or legal relations established by the provisions of this Chapter or by any other law within its jurisdiction or under opinions issued by the board, or the construction of said laws or opinions, is not limited or restricted to any proceeding where a declaratory opinion is sought in order to terminate a controversy or remove an uncertainty.
C. The purpose of a declaratory opinion is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations established by the provisions of this Chapter or by any other law within the board’s jurisdiction or under opinions issued by the board, or the construction of said laws and opinions.
D. A declaratory opinion is a decision of the board. The decision of the board on an application for a declaratory opinion shall be rendered after a public hearing and only after the requesting party, all other interested parties, and the board’s staff have been afforded full and complete opportunity to present evidence, testimony, and argument. A declaratory opinion of the board shall be considered a final decision and shall be reviewable by the Court of Appeal, First Circuit, pursuant to R.S. 42:1142.
E. The board may refuse to render a declaratory opinion where such opinion, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.
F. When a declaratory opinion is sought, the public servant, other person, or agency, as necessary and appropriate for the rendition of a declaratory opinion, who has or claims any interest *1047 which would be affected by the opinion shall be made a respondent and given notice of the request and of all public hearings conducted pursuant to the request.
G. The procedures for seeking a declaratory opinion and for the public hearing on such request shall be provided by rule adopted by the board pursuant to the Administrative Procedure Act.
Louisiana Revised Statutes 42:1142A[6] provided, in pertinent part:
Whenever action is taken against any public servant or person by the board or panel or by an agency head by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the board is made within thirty days after the decision of the board becomes final.
| fiIn this matter, we first address the argument of the Ethics Board that this court is without authority to review its declaratory opinion, asserting that the declaratory opinion rendered in this matter is actually an advisory opinion. Therefore, according to the Ethics Board, the declaratory opinion is not a decision under LSA-Const. Art. 10, § 21.[7]
In the First Circuit case of In re Lorusso, 11-0666 (La.App. 1 Cir. 12/29/11), 85 So.3d 712, we reversed a decision of the Board of Ethics that held that a political candidate was not permitted to amend his campaign finance disclosure report to correct a typographical error, whereby a particular sum was listed as a contribution rather than as a loan. In its discussion of whether a justiciable controversy existed, this court first noted that the legislature did not otherwise define declaratory opinions in the Code of Ethics. Thus, the court looked to the Louisiana Code of Civil Procedure for guidance and discussed the grant of authority given to the courts to render declaratory judgments in LSA-C.C.P. art. 1871.[8] In re Lorusso, 85 So.3d at 717.
Declaratory judgments may be rendered “whether or not further relief is or could be claimed.” LSA-C.C.P. art. 1871. Nevertheless, a declaratory judgment has the force and effect of a final judgment or decree and may serve as the basis for a petition seeking further relief. See LSA-C.C.P. arts. 1871 and |71878.[9] However, a *1048 court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, will not terminate the uncertainty or controversy giving rise to the proceeding. LSA-C.C.P. art. 1876.[10] Accordingly, courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions. In re Lorusso, 85 So.3d at 717; Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 701 (La.1993). The Lorusso court then stated:
A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character. Am. Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993). It has been generally defined as a dispute between “adverse parties with opposing claims ripe for judicial determination,” involving “specific adversarial questions asserted by interested parties based on existing facts.” Prator v. Caddo Parish, 2004-0794, p. 6 (La.12/1/04), 888 So.2d 812, 816.
In the context of declaratory judgment, a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, and must be a substantial and actual dispute as to the legal relations of parties having real, adverse interests. Steiner v. Reed, 2010-1465, p. 6 (La.App. 1st Cir.2/11/11), 57 So.3d 1188, 1192. Such a justiciable controversy must be distinguished from one that is merely hypothetical or abstract, or one presenting an issue that is academic, theoretical, or based on a contingency that may or may not arise. Id.
In re Lorusso, 85 So.3d at 717-18.
In this case, we find that Sheriff Toney has presented a justiciable controversy, as it is a request for a determination of his right to use his campaign funds in the defense of his criminal indictment, i.e., a request for resolution of an uncertain right and a demand for relief presented in an immediate and genuine situation. See In re Lorusso, 85 So.3d at 718. As argued by Sheriff Toney, if he used his campaign funds to pay his legal bills without seeking a declaratory opinion from the Ethics Board, he would ostensibly violate the CFDA if that use of his campaign funds was not related to the holding of public office. Thus, as in Lorusso, a ruling by the Ethics Board in favor of Sheriff Toney would terminate the controversy. Therefore, resolution of the issue constitutes a substantial and actual dispute as to the legal relations between Sheriff Toney and the Ethics Board, each of whom have a real and actual interest in the resolution of the issue raised in Sheriff Toney’s request for declaratory relief.
Accordingly, we conclude that we have jurisdiction to review the declaratory opinion issued on July 20, 2012, because as a declaratory opinion presenting a justiciable controversy under LSA-R.S. 42:1141.6, it is appealable.[11]
A declaratory opinion of the board shall be considered a final decision and shall be *1049 reviewable by the Court of Appeal, First Circuit, pursuant to R.S. 42:1142.
The Ethics Board functions as the supervisory committee on campaign finance disclosure, and its members constitute the supervisory committee. See LSA-R.S. 18:1511.1A.[12] As such, it shall “function as the supervisory committee to administer and enforce the provisions of this Chapter [LSA-R.S. 18:1481-LSA-R.S. 18:1555, i.e„ the CFDA] and the rules, regulations, and orders issued hereunder.” LSA-R.S. 18:1511.1A.[13]
At issue herein is LSA-R.S. 18:1505.21(1) of the CFDA, which provides, in pertinent part:
On and after January 1, 1991, contributions received by a candidate or a political committee may be expended for any lawful | ^purpose, but such funds shall not be used, loaned, or pledged by any person for any personal use unrelated to a political campaign, the holding of a public office or party position, or, in the case of a political committee, other than a candidate’s principal campaign committee or subsidiary committee, the administrative costs or operating expenses of the political committee .... (Emphasis added.)
Sheriff Toney argues that his right to use his campaign funds to pay for the defense of his criminal indictment is not only statutorily authorized, but consistent with previously rendered opinions of the Ethics board. Sheriff Toney contends that the Ethics Board erred as a matter of law when it disregarded overwhelming evidence showing that the allegations against him were related to the holding of public office and that the actions taken by him could only have been taken as sheriff. Conversely, the Ethics Board contends that the activity at issue is not related to the holding of public office and that numerous advisory opinions of the Ethics Board, as introduced into evidence, conclude that such activity is impermissible. Thus, the issue before us is the proper interpretation of “the holding of a public office.” Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review. Saizan v. Pointe Coupee Parish School Bd., 10-0757 (LaApp. 1 Cir. 10/29/10), 49 So.3d 559, 564, writ denied, 10-2599 (La. 1/14/11), 52 So.3d 905.
Following the June 15, 2012 hearing, the Ethics Board “concluded that Sheriff Royce Toney may not use his campaign funds to pay the legal fees he has incurred in connection with [his] federal indictment.” In its opinion, the Ethics Board stated, that “the actions taken [in] this particular case were not related to the holding of Sheriff Toney’s public office.” Although there is no statute or rule that defines what is related to “the holding of public office,” we find that any use by Sheriff Toney of campaign funds for the defense of his criminal indictment follow *1050 ing a guilty plea is prohibited as unrelated to the holding of a public office. In this unique situation, Sheriff Toney pled guilty to criminal conduct related to the acts alleged in the indictment. Although it was after the issuance of the declaratory opinion, said plea was entered prior to his 1 ^application for rehearing before the Ethics Board. Further, the affidavit of his attorney confirming the plea is part of the record before us.[14]
Nor do we find any merit to Sheriff Toney’s argument regarding the videotape. Sheriff Toney asserts that the Ethics Board erred in failing to admit into evidence a videotape showing Sheriff Toney conducting an internal affairs investigation. Counsel for the Ethics Board objected to the admittance of the videotape based on a lack of relevancy. During the hearing, Sheriff Toney’s counsel argued that the videotape showed “an internal investigation being conducted in an interrogation room with the Sheriff dressed in his uniform, as the Sheriff, with the First Deputy Sheriff there assisting the Sheriff, with the Respondent on the other side of a small table being examined by the Sheriff.” Counsel for the Ethics Board stipulated that Sheriff Toney was in his sheriffs uniform during the course of an internal affairs investigation and that an internal affairs investigation was being conducted by Sheriff Toney. The chairman of the Ethics Board sustained the objection, reasoning that it was not the purpose of the Ethics Board to determine whether the internal affairs investigation was legitimate, and because counsel for the Ethics Board stipulated to the facts that Sheriff Toney intended to prove with the videotape, the videotape was irrelevant. We can find no abuse of discretion or error in the failure to introduce the videotape.
CONCLUSION
For the above and foregoing reasons, we affirm the July 20, 2012 declaratory opinion of the Board of Ethics. Costs of the appeal are assessed against Royce Toney.
AFFIRMED.
McDONALD, J., dissents and assign reasons.

. On June 11, 2012, Sheriff Toney sent a supplement to his request for a declaratory opinion.

. At the hearing, Sheriff Toney and the Ethics Board entered into ten stipulations of fact and stipulated to the admissibility of seven exhibits, including a comprehensive memorandum of prior advisory opinions.

.Attached to Mr. Davis’ affidavit was a copy of the indictment and a copy of a Second Superceding Indictment, filed on July 26, 2012.

. Louisiana Revised Statutes 42:1132C, regarding the jurisdiction of the Ethics Board, provides, in relevant part:
The Board of Ethics shall administer and enforce the provisions of this Chapter and the rules, regulations, and orders issued hereunder with respect to public employees and elected officials, including final decisions of the Ethics Adjudicatory Board. In addition, the Board of Ethics, functioning as the Supervisory Committee on Campaign Finance Disclosure, shall administer and enforce the provisions of Chapter 11 of Title 18 of the Louisiana Revised Statutes of 1950, and the rules, regulations, and orders issued thereunder.

. Louisiana Revised Statutes 42:1141.1 was repealed by Acts 2012, No. 608 § 2, effective June 7, 2012, and replaced with LSA-R.S. 42:1141.6.

. Louisiana Revised Statutes 42:1142 was also amended in 2012, by Acts 2012, No. 607, effective June 7, 2012.

. Article 10, Section 21 of the Louisiana Constitution provides:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal.

. Louisiana Code of Civil Procedure Article 1871 provides:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

.Louisiana Code of Civil Procedure Article 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the *1048 court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

.' Louisiana Code of Civil Procedure Article 1876 provides:
The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.

. Louisiana Revised Statutes 42:1141.6 replaced LSA-R.S. 42:1141.1 by Acts 2012, No. 608 § 1, eff. June 7, 2012. As in the prior version, Subsection D provides, in pertinent part:

. Louisiana Revised Statutes 18:1511.1 A provides:
The Supervisory Committee on Campaign Finance Disclosure is established. The Board of Ethics, as established in R.S. 42:1132, shall function as the supervisory committee to administer and enforce the provisions of this Chapter and the rules, regulations, and orders issued hereunder. The members of the Board of Ethics shall constitute the supervisory committee.

. The supervisory committee may also render an advisory opinion concerning the application of a general provision of this Chapter. LSA-R.S. 18:1511.2B. Further, the supervisory committee may render an opinion in response to a request by any public official, any candidate for public office, any political committee, or the committee may render an advisory opinion on its own initiative. LSA-R.S. 18:1511.2B.

. We leave for another day, the question of whether the result herein would have been different had there been no guilty plea.