THERIOT, J.
The appellant, Bobby Jelks, seeks review of a declaratory opinion issued by the appellee, the Louisiana Board of Ethics (“BOE”), regarding the proper construction and interpretation of the time limits set forth in Louisiana law for the giving and receiving of campaign contributions in connection with general elections. For the following reasons, we dismiss the appeal for want of subject matter jurisdiction.
FACTS AND PROCEDURAL BACKGROUND
On September 2, 2015, through counsel, Mr. Jelks submitted a request for a declaratory opinion to the BOE regarding the construction and interpretation of a provision of the Campaign Finance Disclosure Act (“CFDA”), La. R.S. 18:1481, et seq. Specifically, Mr. Jelks requested the BOE settle uncertainty regarding the construction and application of Section 1505.2(H) of the CFDA pursuant to the BOE’s statutory authority set forth in La. R.S. 42:1141.6. Mr. Jelks framed the question presented as follows:
Can Mr. Jelks, at the beginning of a candidate’s election campaign, make a *856 campaign contribution up to the maximum contribution limit for the primary election and at the same time make a second contribution up to the maximum contribution limit that (a) is designated in writing for the general election, (b) is maintained by the candidate for the general election, and (c) will either be refunded by the candidate or redesignated consistent with the [CFDA] if the candidate does not participate in the general election without ... violating any provisions of the [CFDA]?
The matter was submitted for consideration at the November 20, 2015 meeting of the BOE, At the meeting, the BOE heard arguments from counsel for Mr. Jelks and the BOE, and it accepted testimony from William “Billy” Potter, an expert witness in the field of campaign finance tendered by Mr. Jelks.
|¡¡Thereafter, the BOE concluded, by a vote of nine-to-two, that campaign contribution limits apply on a per election basis, such that the time period for making and/or receiving a contribution for the general election begins on the day following the primary election; furthermore, the BOE concluded that the CFDA prohibits a person from making, and a candidate from receiving, contributions prior to the primary election in excess of the contribution limit for the office being sought. The BOE issued its declaratory opinion on the matter on February 19, 2016. Mr. Jelks now appeals.
ASSIGNMENT OF ERROR
Mr. Jelks raises a single assignment of error:
1. It was error for the BOE to conclude that the CFDA provides that the time period for making and/or receiving a campaign contribution to the general election begins the day following the primary election.
DISCUSSION
The BOE is charged with administering and enforcing the provisions of the Louisiana Code of Governmental Ethics (“Code of Ethics”). See La. R.S. 42:1132(C). The purpose of the Code of Ethics is to further the public interest by insuring that the law protects against conflicts of interest on the part of Louisiana’s public officials and state employees by establishing ethical standards to regulate the conduct of such persons. See La. R.S. 42:1101; Duplantis v. Louisiana Bd. of Ethics, 00-1956 (La. 3/23/01), 782 So.2d 582, 586. To achieve this end, the BOE is authorized to investigative and pursue formal charges against an individual or entity accused of violating the Code of Ethics. See La. R.S. 42:1134; Duplantis, 782 So.2d at 586.
|4In addition, the BOE is authorized to render declaratory opinions concerning the interpretation of the Code of Ethics in accordance with the following statutory provisions:
A. Upon application of a public servant, other person, or agency, the [BOE] may declare rights, status, and other legal relations established by the provisions of this Chapter or by any other law within its jurisdiction or under opinions issued by the board, either before or after there has been a breach thereof. The applicant may seek to have the [BOE] determine any question of construction or validity arising under the provisions of this Chapter or by any other law within its jurisdiction.
B. The [BOE’s] power to declare rights, status, or legal relations established by the provisions of this Chapter or by any other law within its jurisdiction or under opinions issued by the board, or the construction of such laws or opinions, is not limited or restricted to any proceed *857 ing where a declaratory opinion is sought in order to terminate a controversy or remove an uncertainty.
C. The purpose of a declaratory opinion is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations established by the provisions of this Chapter or by any other law within the [BOE’s] jurisdiction or under opinions issued by the board, or the construction of such laws and opinions.
D. A declaratory opinion is a final decision of the [BOE], The decision of the board on an application for a declaratory opinion shall be rendered after a public hearing and only after the requesting party, all other interested parties, and the board’s staff have been afforded full and complete opportunity to present evidence, testimony, and argument. A declaratory opinion of the board shall be considered a final decision and shall be reviewable by the Court of Appeal, First Circuit, pursuant to R.S. 42:1142.
E. The [BOE] may refuse to render a declaratory opinion where such opinion, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.
F. When a declaratory opinion is sought, the public servant, other person, or agency, as necessary and appropriate for the rendition of a declaratory opinion, who has or claims any ^interest which would be affected by the opinion shall be made a respondent and given notice of the request and of all public hearings conducted pursuant to the request.
G. The procedures for seeking a declaratory opinion and for the public hearing on such request shall be provided by rule adopted by the [BOE] pursuant to the Administrative Procedure Act.
La. R.S. 42:1141.6.
A. (1) Whenever ... .any public servant or person is aggrieved by any action taken by the [BOE], or panel thereof ... he may appeal to the Court of Appeal, First Circuit.
(a) An order of the [BOE], or panel thereof, may be appealed by filing a written motion with the [BOE] within thirty days after the signing and transmission of the notice of the order.
* * *
[ (2) ] (b) If the [BOE] does not prevail in the final disposition of its appeal, the [BOE] shall be responsible for the payment of reasonable attorney fees and court costs of the other party inclusive of all stages of litigation and appeal.
(c) The amount of attorney fees shall be determined by the court of appeal and shall be set forth in the court’s judgment.
(3) Any refusal by the [BOE] to issue a declaratory opinion is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals.
La. R.S. 42:1142.
This court first considered the viability of an appeal taken from a declaratory opinion issued by the BOE in In re Lorusso, 11-0666 (La.App. 1 Cir. 12/29/11), 85 So.3d 712. In that case, the petitioner, a successful candidate for the Louisiana House of Representatives, filed a request for a declaratory opinion with the BOE pursuant to La. R.S. 42:1141.1, the | ^predecessor to current La. R.S. *858 42:1141.6[1] The petitioner sought the declaratory opinion in connection with his attempt to amend his campaign finance disclosure report to correct the improper designation of a $30,000.00 personal loan. Following a hearing on the matter, the BOE issued its declaratory opinion finding that the CFDA prohibited amendment of campaign finance disclosure reports, and the petitioner appealed. Lorusso, 85 So.3d at 714-15.
In addressing the question of jurisdiction in Lorusso, this court likened declaratory opinions issued by the BOE to declaratory judgments issued by the courts pursuant to the codal authority of La. C.C.P. art. 1871.[2] The court acknowledged that the jurisprudence limited the availability of declaratory judgments by holding that courts will act only in cases of a present, justiciable controversy and will not render advisory opinions. Lorusso, 85 So.3d at 717 (citing Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 701 (La. 1993)). The court determined that the petitioner presented a justiciable controversy, reasoning that the petitioner’s request for a determination of his right to amend his campaign finance disclosure report involved a request for resolution of an uncertain right and a demand for relief in an immediate and genuine situation. Lorusso, 85 So.3d at 718.
Thereafter, this court confirmed the viability of another appeal taken from a declaratory opinion issued by the BOE in In re Toney, 12-1887 (La.App. 1 Cir. 5/30/14), 145 So.3d 1043, writ denied, 14-1357 (La. 9/26/14), 149 So.3d 270. There, the petitioner, the Sheriff of Ouachita Parish, sought 17review of a declaratory opinion issued by the BOE, which denied his request to use campaign funds to pay for legal fees incurred in defense of certain criminal charges filed against him. Toney, 145 So.3d at 1045. In addressing the question of jurisdiction in that case, this court again looked to the law governing declaratory judgments and found that the petitioner presented a justiciable controversy. The court reasoned that the petitioner’s request for a determination of his right to use campaign funds in defense of his criminal indictment presented a request for resolution of an uncertain right and a demand for relief in an immediate and genuine situation. Toney, 145 So.3d at 1048.
In accordance with the foregoing jurisprudence, it is clear that we have jurisdiction to review a declaratory opinion issued by the BOE if the dispute presents a justiciable controversy. The courts have defined a justiciable controversy as a real and substantial controversy admitting of specific relief through a decree of conclusive character. See Am. Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La. 1993). In addition, the courts have defined a justi-ciable controversy as a dispute between adverse parties with opposing claims ripe for judicial determination and involving specific adversarial questions asserted by interested parties based on existing facts. Prator v. Caddo Parish, 04-0794 (La. 12/1/04), 888 So.2d 812, 816.
*859 In the specific context of a petition for declaratory judgment, a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, and must be a substantial and actual dispute as to the legal relations of parties having real, adverse interests. Steiner v. Reed, 10-1465 (La.App. 1 Cir. 2/11/11), 57 So.3d 1188, 1192. Such a justi-ciable controversy must be distinguished from one that is merely ^hypothetical or abstract, or one presenting an issue that is academic, theoretical, or based on a contingency that may or may not arise. Id.
Considered in the aggregate, the BOE is statutorily authorized to issue a declaratory opinion regarding the rights, status, and other legal relations established by the provisions of the Code of Ethics or by any other law within its jurisdiction in order to settle uncertainty and insecurity with respect to such rights, status, or other legal relations, and any person aggrieved by a declaratory opinion issued by the BOE is statutorily entitled to appeal the opinion to this court. See La. R.S. 42:1141.6 and 1142. However, we have subject matter jurisdiction to review a declaratory opinion issued by the BOE only if it raises a present, justiciable controversy; that is, we will review a declaratory opinion only if it implicates uncertain or disputed rights in an immediate and genuine situation involving specific adversarial questions asserted by interested parties based upon existing facts. We will not issue advisory opinions. See Lorusso, 85 So.3d at 717-18.
In the case at bar, Mr. Jelks requested the BOE determine a question of statutory construction “with respect to his rights under the campaign finance law, as a frequent participant in state-wide elections through his contributions to candidates to elected office.” In paragraph two of his application for declaratory opinion, Mr. Jelks explained that he “wishes to participate as a contributor in candidate elections in Louisiana that will potentially involve both a primary election and a general election.” In addition, in paragraph twelve of his application for declaratory opinion, Mr. Jelks submitted that his interpretation of the CFDA would “serve the policies the [CFDA] is intended to promote by making information [available] regarding a candidate’s general election contributors who, like Mr. Jelks, wish to contribute prior to the primary election.... ” Likewise, on appeal, |flMr. Jelks maintains that he “wishes to participate as a contributor in candidate elections in Louisiana that will potentially involve both a primary election and general election.”
In light of the nature of this dispute, along with the status and posture of the parties to this appeal, we find that no justiciable controversy exists. Critically, unlike in Lorusso, supra, and Toney, supra, the question presented by Mr. Jelks in his application for declaratory opinion is a hypothetical and abstract question of law based upon an uncertain contingency that is neither immediate, nor actual. In other words, although Mr. Jelks requested the BOE issue a declaratory opinion to settle uncertainty regarding the construction and application of the CFDA, the alleged uncertainty is not presented in an immediate and genuine situation. The dispute does not involve “legal relations of ... parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character.” Abbott v. Parker, 259 La. 279, 308, 249 So.2d 908, 918 (1971). Consequently, “there is no present actual dispute ripe for adjudication^]” Abbott, 249 So.2d at 919, and we have no jurisdiction to determine the correctness of the interpretive decision of the BOE.
*860 DECREE
For the foregoing reasons, we find that no justiciable controversy exists and dismiss the appeal for want of subject matter jurisdiction. All costs of this appeal are assessed to the appellant, Bobby Jelks.
APPEAL DISMISSED.

. Louisiana Revised Statute 42:1141.1 authorized the BOE to declare rights, status, and other legal relations through the issuance of a declaratory opinion; it further provided that a declaratory opinion issued by the BOE "shall be considered a final decision and shall be reviewable by the Court of Appeal, First Circuit....” La. R.S. 42:1141.1(D) (prior to repeal by La. Acts 2012, No. 608, § 2, eff. June 7, 2012).

. Louisiana Code of Civil Procedure art. 1871 states that courts may declare rights, status, and other legal relations whether or not further relief is or could be claimed, and provides that a declaratory judgment has the force and effect of a final judgment or decree.