# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2019 CA 1150

## HOOD PARTNERS, L.L.C.

### VERSUS

## DAVID D. DAVIDGE, JR. AND
## SHERRY ANITA DAVIDGE BURKE

Judgment Rendered: **MAY 1 1 2020**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2018-0000794

Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

| | |
|---|---|
| Frank J. DiVittorio<br>Hammond, LA | Attorneys for Plaintiff-Appellant,<br>Hood Partners, L.L.C. |
| J. Mark Rolling<br>Hammond, LA | Attorney for Defendants-Appellees,<br>David D. Davidge, Jr., and<br>Sherry Anita Davidge Burke |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Penzato, J., concurs

**HIGGINBOTHAM, J.**

This is an appeal from the denial of a petition for declaratory judgment.

**BACKGROUND**

In 2017, Hood Partners, L.L.C. ("Hood") purchased a parcel of land in Hammond, Louisiana, from Northlake Partnership ("Northlake"). When Northlake acquired the property from Rumsie M. Davidge (now deceased), David D. Davidge, Jr., and Sherry Anita Davidge Burke ("the Davidges") in 1983, the conveyance deed contained a provision that restricted Northlake and its "heirs, successors or assigns" from constructing multi-family dwellings on the property. On March 9, 2018, Hood filed a petition for declaratory judgment against the Davidges, seeking to obtain a judicial declaration that the restriction: (1) is unenforceable as to Hood and any successor owners; (2) is against public policy; and (3) is prescribed. The Davidges filed an answer to the petition in the form of a general denial. Hood and the Davidges filed a joint motion to set a trial on the merits with oral argument, waiving their right to present testimony of any witnesses. The parties agreed to submit the matter based upon the evidence and stipulations as set forth in the pretrial order. While Hood argued that the restriction was unenforceable, the Davidges maintained that the restriction created a real right, intended to run with the land and be enforceable against successive owners.

On May 1, 2019, the trial court issued written reasons for judgment finding in favor of the Davidges and ruling that the restriction was in the nature of a predial servitude. The trial court signed a judgment on June 11, 2019, stating in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**
> that the Petition for Declaratory Judgment filed by [Hood] against [the Davidges] is hereby denied.

Hood now appeals.

2

## LAW AND ANALYSIS

It is the duty of an appellate court to examine its subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Monterrey Center, LLC v. Ed.ucation Partners, Inc.**, 2008-0734 (La. App. 1st Cir. 12/23/08), 5 So.3d 225, 228-29. Our review of the June 11, 2019 judgment denying Hood's petition for declaratory judgment without dismissing the lawsuit or designating the judgment as final, reveals that it is neither a final judgment nor a partial final judgment. La. Code Civ. P. arts. 1841, 1911, and 1915. No relief was granted to any party and the suit was not dismissed as to any party. There is no dispositive language in the decree. Therefore, it is an interlocutory judgment. La. Code Civ. P. art. 1841. An interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083(C). There is no law that would allow an appeal of this particular interlocutory judgment. See **Walker v State**, 2009-0973 (La. App. 4th Cir. 10/21/09), 26 So.3d 782, 784.

We also decline to exercise our supervisory jurisdiction in this matter, because we find that in the posture presented by the petition for declaratory judgment there is no justiciable controversy. The filing of a petition for declaratory judgment does not automatically entitle the petitioner to relief. **Goodwin v. City of Mandeville**, 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 828, writ denied, 2019-01083 (La. 10/8/19), ___ So.3d ___. Jurisprudence has limited the availability of declaratory judgments by holding that courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions. **Church Point Wholesale Beverage Co., Inc. v. Tarver**, 614 So.2d 697, 701 (La. 1993). In the context of a declaratory judgment, a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, and must be a substantial and actual dispute as to the legal relations of parties having real, adverse interests. **Steiner v. Reed**, 2010-1465 (La. App. 1st Cir. 2/11/11), 57 So.3d 1188, 1192. Such

3

a justiciable controversy must be distinguished from one that is merely hypothetical or abstract, or one presenting an issue that is academic, theoretical, or based on a contingency that may or may not arise. **Id.**

There is actually nothing in the petition or the evidence submitted at trial suggesting that Hood or any other party has or ever will seek to construct multi-family dwellings on the parcel of land at issue. Accepting the existing facts as framed by the parties, the dispute over whether the restriction as to the construction of multi-family dwellings is based upon an uncertain contingency that is neither immediate nor actual. These parties do not have real, adverse interests ripe for judicial determination, and any judgment or decree rendered would not have a conclusive effect upon Hood's rights. As such, any judgment or decree upon the issue would amount to a mere advisory opinion. Because there is no justiciable controversy presented under the facts as alleged and shown at trial, Hood has failed to state a cause of action; and thus, the trial court lacked subject matter jurisdiction. Because our subject matter jurisdiction is derivative of that of the trial court, we also lack supervisory jurisdiction to determine the merits of Hood's petition for declaratory judgment. See **Steiner**, 57 So.3d at 1193. See also **In Matter of Jelks**, 2016-0730 (La. App. 1st Cir. 12/22/16), 209 So.3d 854, 859.

### CONCLUSION

This appeal must be dismissed for want of subject matter jurisdiction, because the June 11, 2019 judgment is not an appealable judgment and no justiciable controversy exists. All costs of this appeal are assessed to the plaintiff-appellant, Hood Partners, L.L.C.

**APPEAL DISMISSED.**

4