NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-44


RUSS BUILDERS, L.L.C.

VERSUS

HOLY FAMILY LIMITED PARTNERSHIP


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20170222
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, Candyce G. Perret and Sharon D. Wilson, Judges.


APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Michael Dean Hebert**
**James Paul Doherty, III**
**Katherine E. Currie**
**Becker & Hebert, L.L.C.**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Holy Family Limited Partnership**

**Troy Allen Broussard**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Holy Family Limited Partnership**

**Tyler Graham Storms**
**Attorney at Law**
**941 North Trenton Street**
**Ruston, LA 71270**
**(318) 255-7805**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Russ Builders, L.L.C.**

**Mary Anne Wolf**
**Keogh Cox**
**701 Main Street**
**Baton Rouge, LA 70802**
**(225) 383-3796**
**COUNSEL FOR THIRD PARTY APPELLEE:**
 **Continental Casualty Company**
 **Ardoin Architecture**
 **S. Brodie Ardoin**

**PERRET, Judge.**

On February 1, 2021, this court issued a rule ordering Defendant-Appellant, Holy Family Limited Partnership (Holy Family), to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling. For the reasons discussed herein, we dismiss the appeal.

In this appeal, Holy Family seeks review of the denial of a declaratory judgment. The underlying litigation involves a contractual dispute arising from a construction contract between Russ Builders, L.L.C. (Russ Builders), Plaintiff-Appellee, and Holy Family. Prior to filing its Petition for amounts due under the contract, Russ Builders filed a "Statement of Claim and Privilege" under the Louisiana Private Works Act, purporting to encumber the property upon which the project was taking place. Holy Family subsequently filed a "substitution of Bond for Lien", securing the cancellation of Russ Builders' lien and substituting a bond in its place. Holy Family has paid the annual premium on the bond since the inception of the bond.

Since the filing of Russ Builders' Petition, Holy Family filed a Motion for Declaratory Judgment, seeking a declaration or decree that maintenance of the bond is unnecessary, such that the bond may be released or cancelled. The motion was denied and designated as a final, appealable judgment pursuant to La.Code Civ.P. arts. 1871, 1911, and 1915(B). Holy Family filed the instant appeal.

A rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable interlocutory judgment, citing *Walker v. State*, 09-973 (La.App. 4 Cir. 10/21/09), 26 So.3d 782. In *Walker*, the court held:

> The June 2, 2008, judgment denying a declaratory judgment is neither a final judgment nor a partial final judgment. La. C.C.P. arts. 1841, 1877 and 1915. No relief was granted to any party and the

plaintiff's suit was not dismissed as to any party; there is no dispositive language in the decree. Therefore, it is an interlocutory judgment. La. C.C.P. art. 1841. Article 2083 C provides that "[a]n interlocutory judgment is appealable only when expressly provided by law." We have been cited no law which would allow an appeal from this interlocutory judgment. *Cf., e.g.,* La. C.C.P. art. 3612 B. Accordingly, because this is not an appealable judgment, we dismiss Mr. Walker's appeal of the judgment of June 2, 2008, and remand the matter to the district court for further proceedings.

*Id*. at 784.

In response to the rule to show cause, Holy Family argues that "A declaratory judgment has the force and effect of a final judgment or decree and may be reviewed as other orders, judgments, and decrees." La.Code Civ.P. arts 1871 and 1877. Further, Holy Family maintains that a declaratory judgment is appealable as a final judgment, citing *Moody v. United National Insurance Co.*, 95-1 (La.App. 5 Cir. 5/10/95), 657 So.2d 236, *writ denied*, 95-2063, 95-2085 (La. 11/17/95), 663 So.2d 713. In *Moody*, after determining that the ruling at issue was a declaratory judgment, the court stated, "A declaratory judgment has the force and effect of a final judgment or decree, La.Code Civ. P. art. 1871, and therefore it is appealable. La.Code Civ. P. art. 1877; *Fisher–Rabin Med. Ctr. v. Burdick Corp.,* 525 So.2d 1178, 1180 (La.App. 5th Cir.1988)." *Id*. at 241.

Holy Family also cites *Lantz v. Campbell*, 376 So.2d 631, 632 (La.App. 3 Cir. 1979), wherein this court explained:

It is apparent from the Code of Civil Procedure that a declaratory judgment is a final judgment, not an interlocutory decree. Since a declaratory judgment is not an interlocutory decree, one need not show irreparable harm to have the right to appeal. The appellees' contention that the declaratory judgment is an interlocutory decree, not subject to appeal, is without merit.

Next, Holy Family asserts that a judgment that only partially determines the merits of an action is a partial final judgment and, as such, is appealable only if authorized by La.Code Civ.P. art. 1915. A partial judgment not included in one of

the categories set forth in La.Code Civ.P. 1915(A) is not a final judgment for purposes of immediate appeal unless it is properly designated that there is no just reason for delay.

Regarding the decision in *Walker*, 26 So.3d 782, Holy Family urges that the decision was erroneously decided and/or is distinguishable from the instant case. Holy Family points out that the *Walker* court failed to make any mention of La.Code Civ.P. art. 1871, which provides that declaratory judgments "shall have the force and effect of a final judgment or decree." Holy Family concludes that by virtue of Article 1871, a declaratory judgment is by definition a judgment that determines the merits at least in part and is not merely determining preliminary matters. Holy Family adds that the *Walker* court noted in footnote 2 that the trial court did not expressly designate the judgment as a partial final judgment subject to immediate appeal as provided in Articles 1911 and 1915(B).

In reply/opposition to Holy Family's brief, Russ Builders argues that the *Walker* decision is exactly on point in this matter. Further, Russ Builders urges that Holy Family does not distinguish the "grant" of a declaratory judgment from a "denial." The request for a declaratory judgment, Russ Builders concludes, was denied and therefore it is an interlocutory judgment which is non-appealable according to *Walker*.

We note that in *Delta Administrative Services, LLC v. Limousine Livery, Ltd.*, 15-110, p. 6 (La.App. 4 Cir. 6/17/15), 216 So.3d 906, 910, the fourth circuit followed its decision in *Walker*:

> A judgment denying a declaratory judgment is an interlocutory judgment. *Walker v. State*, 09-0973, p. 2 (La.App. 4 Cir. 10/21/09), 26 So.3d 782, 784 (holding that a 'judgment denying a declaratory judgment is neither a final judgment nor a partial final judgment.')."

Also, in *Hood Partners, LLC v. Davidge*, 19-1150, p. 2 (La.App. 1 Cir. 5/11/20), 303 So.3d 349, 350, the first circuit relied on *Walker*:

> Our review of the June 11, 2019 judgment denying Hood's petition for declaratory judgment without dismissing the lawsuit or designating the judgment as final, reveals that it is neither a final judgment nor a partial final judgment. La. Code Civ. P. arts. 1841, 1911, and 1915. No relief was granted to any party and the suit was not dismissed as to any party. There is no dispositive language in the decree. Therefore, it is an interlocutory judgment. La. Code Civ. P. art. 1841. An interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083(C). There is no law that would allow an appeal of this particular interlocutory judgment. *See Walker v. State,* 2009-0973 (La.App. 4th Cir. 10/21/09), 26 So.3d 782, 784.

Likewise, we find that the judgment herein, a declaratory judgment, is an interlocutory ruling that is neither a final judgment nor a partial final judgment. Further, an interlocutory ruling cannot be designated as an appealable ruling. *See Cole v. Sabine Bancshares, Inc.*, 16-796 (La.App. 3 Cir. 11/16/16), 205 So.3d 995. "Although the trial court designated the judgment as a final judgment, an appellate court is not bound by such designation. *See Mitchell Co. v. Mucavil, Inc.,* 02–381 (La.App. 3 Cir. 10/1/03), 855 So.2d 426." *A&B Valve and Piping Systems, L.L.C., v. Commercial Metals Co.*, 09-1535, p. 4 (La.App. 3 Cir. 1/27/10), 28 So.3d 1202, 1205.

The judgment at issue was signed on September 14, 2020. Notice of judgment was issued on September 21, 2020. Holy Family filed its motion to appeal on September 24, 2020, within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4-3. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir.

3/119/14), 161 So.3d 688.  Accordingly, we exercise our discretion and construe the petition for appeal as a notice of intent to file for supervisory writs.  The devolutive appeal in docket number 21-44 is hereby dismissed, and Holy Family is given until April 30, 2021, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4-5.

**APPEAL DISMISSED.**
**APPELLANTS PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.