959 So.2d 965 (2007)
Sheila VANDERBROOK Wife of/and Terry B. Trahan, Dolores DeLaune Wife of/and John B. Middleton, E. Ray Wilkes, Jr., Anne Lester Wife of/ and Robert R. Raposo, Sherrie Landry Wife of/and Raymond C. Burkart, Jr., and Stacy Miller Wife of/and Lance L. Engolia, Sr.
v.
Christopher R. JEAN; Lee Road Development Company; Highland Lakes Development Corporation; Johnny F. Smith Truck and Dragline Service, Inc.; Highlands Homeowners Association of St. Tammany, Inc.; Palmers, Inc.; Alternative Design/Build Group, L.L.C.; Northlake Truck Center, L.L.C.; Muller & Muller, Attorneys at Law; Johnny F. Smith Testamentary Trust; Richard L. Muller; Silvia G. Muller; Janice Seal Smith Stumpf Individually and as Trustee of the Johnny F. Smith Testamentary Trust; Barney L. Core; Gary Salathe; Martin Murphy; Davit T. Glass; Wade Glass; Adrian Spell; Jodi McIntyre Wife of/ and Gregory "Scott" Bridges; Willis A. Palmer.
No. 2006 CA 1975.
Court of Appeal of Louisiana, First Circuit.
February 14, 2007.
*966 Raymond C. Burkart, Jr., Covington, Counsel for Plaintiffs/Appellants Sheila Vanderbrook, et al.
Julian J. Rodrigue, Jr., Covington, Counsel for Defendant/Appellee Northlake Truck Center, L.L.C.
William J. Jones, Jr., Leland R. Gallaspy, Covington, Counsel for Defendant/Appellee Lee Road Development.
Roger C. Linde, Metairie, Counsel for DefendantsAppellees Alternative Design/Build Group, L.L.C., Gary Salathe, & Martin Murphy.
Michael F. Weiner, Mark W. Frilot, Mandeville, Counsel for Defendants/Appellees Christopher R. Jean, Highland Lakes Development Corp., Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core.
James Lamz, Deanna J. Hamilton, William J. Faustermann, Jr., Slidell, Counsel for Defendants/Appellees Palmers, Inc. and Willis Palmer.
Alan A. Zaunbrecker, Covington, Counsel for Defendants/Appellees David Glass, Wade Glass, and Glass Contracting of St. Tammany, Inc.
Michael P. Mentz, Alayne R. Corcoran, Metairie, Counsel for Defendants/Appellees Muller & Muller, L.L.C., Richard Muller, and Silvia Muller.
Jesse L. Wimberly, III, Mandeville, Counsel for Defendant/Appellee Adrian Spell.
Jack E. Truitt, Nancy N. Butcher, Madisonville, Counsel for Defendants/Appellees Jodi McIntyre, wife of/and Gregory "Scott" Bridges.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this appeal, plaintiffs seek review of the trial court's dismissal of their claims against defendants, Christopher R. Jean, Highland Lakes Development Corporation, Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core (collectively "Jean defendants"). For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, owners of immovable property and improvements in Highland Lakes Subdivision in St. Tammany Parish, filed a lengthy petition on April 8, 2004, against a number of defendants[1] seeking a declaratory judgment and damages as a result of the development, ownership, and construction of the lakes, earthen dams, spillways, and roadways of Highland Lakes Subdivision. In their petition, plaintiffs made numerous allegations, some of which included fraud, negligence, breach of duties, intentional acts, and respondeat superior. The *967 Jean defendants answered plaintiffs' petition on May 28, 2004, and asserted several affirmative defenses and peremptory exceptions. On June 3, 2004, the Muller defendants, Lee Road Development, Palmers Inc., Willis Palmer, Jodi McIntyre Bridges, Gregory Bridges, Alternative Design/Build Group, L.L.C., Gary Salathe, and Martin Murphy filed dilatory exceptions raising the objections of vagueness and nonconformity of the petition with La. C.C.P. art. 891. Following a hearing on these exceptions, the trial court signed a judgment on September 10, 2004, sustaining these exceptions and ordering plaintiffs to amend their petition within fifteen days of the signing of the judgment.
On September 20, 2004, plaintiffs filed their first supplemental and amending petition. On November 3, 2004, the Muller defendants re-urged their exception raising the objections of vagueness and nonconformity of the petition and filed a motion to dismiss plaintiffs' claims, without prejudice, for their failure to cure the deficiencies of the original petition. Additionally, on November 18, 2004, the Jean defendants filed an exception raising the objections of vagueness and nonconformity as to the amended petition. Following a hearing on the exceptions and the motion to dismiss,[2] the trial court signed a judgment on March 31, 2005, sustaining the Jean and Muller defendants' exceptions as to vagueness and allowing plaintiffs fifteen days from the signing of the judgment to amend their petition.[3]
On June 24, 2005, the Jean defendants filed a motion to dismiss plaintiffs' claims for their failure to timely amend their petition. Subsequently, plaintiffs filed a second supplemental and amending petition on July 1, 2005. Following a hearing on the Jean defendants' motion to dismiss, the trial court signed a judgment on June 27, 2006, granting the motion and dismissing without prejudice plaintiffs' claims against them. Plaintiffs now appeal from this judgment, asserting that the trial court erred in sustaining the Jean defendants' exception raising the objections of vagueness and nonconformity of the petition and in dismissing their claims for failing to timely file their second supplemental and amending petition.

DISCUSSION
Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." There are no technical forms of pleadings; all allegations of fact shall be set forth in numbered paragraphs, and shall be simple, concise, and direct. La. C.C.P. art. 854. In pleading fraud, the circumstances constituting fraud must be alleged with particularity; malice, intent, knowledge, and other conditions of mind of a person may be alleged generally. La. C.C.P. art. 856.
*968 The purpose of the objection of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. Snoddy v. City of Marksville, 97-327, p. 5 (La.App. 3rd Cir.10/8/97), 702 So.2d 890, 893. However, the objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims outlined above. Snoddy, 97-327 at p. 5, 702 So.2d at 893. If the plaintiffs petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. Whipple v. Whipple, 408 So.2d 390, 392 (La.App. 1st Cir.1981), writ not considered, 412 So.2d 1089 (La.1982). Because the exception of vagueness is a dilatory exception, it must be pleaded prior to or in the answer, or it is waived. La. C.C.P. arts. 926(A) and 928. Shatoska v. Whiddon, 468 So.2d 1314, 1318 (La.App. 1st Cir.), writ denied, 472 So.2d 35 (La.1985).
In the instant case, the Jean defendants answered the plaintiffs' original petition and asserted therein several affirmative defenses and peremptory exceptions. However, the Jean defendants failed to assert the dilatory exception raising the objections of vagueness and nonconformity of the petition. As such, that exception was waived as to the original petition. See La. C.C.P. art. 928. Furthermore, though the Jean defendants filed an exception raising the objection of vagueness as to plaintiffs' first supplemental and amending petition, that petition did not assert any new claims against the Jean defendants, but merely sought to clarify the claims previously asserted in the original petition. As such, to the extent that the Jean defendants answered the original petition and presumably were fairly informed of the claims against them so as to enable them to prepare a defense, it is difficult to fathom that they were no longer fairly informed after the filing of the more detailed supplemental and amending petition. Therefore, the trial court erred in sustaining the Jean defendants' exception raising the objection of vagueness and in dismissing the plaintiffs' claims against the Jean defendants.

CONCLUSION
For the foregoing reasons, we reverse the judgments of the trial court sustaining the Jean defendants' exception raising the objection of vagueness and dismissing plaintiffs' claims against them without prejudice.[4] Plaintiffs' claims as to the Jean defendants are reinstated, and this matter is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by the appellees, Christopher R. Jean, Highland Lakes Development Corporation, Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core.
REVERSED AND REMANDED.
PARRO, J., concurs.
McCLENDON, J., concurs in the result reached by the majority.
NOTES
[1] The instant appeal only concerns the claims against the Jean defendants. The claims against the Muller defendants, consisting of Muller & Muller, L.L.C., Richard Mulller, and Silvia Muller, are the subject of a separate appeal decided this date. Vanderbrook v. Jean, 2005-2540 (La.App. 1st Cir. 2/14/07), 2007 WL 466755 (unpublished opinion).
[2] At this hearing, the trial court also considered a dilatory exception raising the objection of improper cumulation of actions filed by defendants, David Glass, Wade Glass, Glass Contracting of St. Tammany, Inc., Alternative Design/Build Group, L.L.C., Gary Salathe, and Martin Murphy (collectively "Glass defendants").
[3] The plaintiffs previously appealed this judgment, which also sustained the Glass defendants' dilatory exception raising the objection of improper cumulation of actions and dismissed plaintiffs' claims against them. However, this court dismissed the appeal as it related to the trial court's sustaining of the Jean and Muller defendants' exceptions of vagueness and nonconformity of the petition, as that judgment was not a final appealable judgment on those issues. See Vanderbrook v. Jean, XXXX-XXXX (La.App. 1st Cir.9/20/06), 937 So.2d 937 (unpublished opinion).
[4] When an appealable judgment is rendered in a case, the correctness of any interlocutory judgment can also be considered on the appeal. People of the Living God v. Chantilly, 251 La. 943, 207 So.2d 752, 753 (1968).