McCLENDON, J.
12Appellant seeks review of an Office of Workers’ Compensation (OWC) judgment dismissing, with prejudice, its Disputed Claim for Compensation. For the following reasons, we reverse the judgment and remand this matter to the OWC to allow appellant to amend its Disputed Claim for Compensation.
FACTS AND PROCEDURAL HISTORY
In March 2007, Mark Cook was injured while in the course and scope of his employment at Southeastern Louisiana University. Mr. Cook has been receiving workers’ compensation benefits since that time.
On February 9, 2011, Mr. Cook’s employer, the State of Louisiana, Southeastern Louisiana University, (the State) filed a disputed claim for compensation, alleging that Mr. Cook was in “[violation of [LSA-R.S.] 23:1208.” Following Mr. Cook’s failure to file an answer, the State moved for a preliminary default, which was denied by the Office of Workers’ Compensation (OWC) because the facts concerning the statutory violation had not been specifically pled.
Mr. Cook subsequently answered the petition and lodged the following objection in his answer: “The petition filed is insuffi- *127 dent on its face to sustain a violation of LSA-[R.S.] 23:1208. The petition contains no supporting facts and should be dismissed.”
Thereafter, the State issued discovery and attempted to set the deposition of Mr. Cook. Having received no discovery responses and based on Mr. Cook’s failure to appear for his scheduled deposition, the State filed a Motion to Compel Answers to Discovery and a Motion to Compel Deposition.
On July 27, 2011, a status conference was held. The OWC denied the motion to compel Mr. Cook’s deposition based upon Mr. Cook’s objection alleging that the State, in its disputed claim, failed to allege specific facts to warrant a ^violation of LSA-R.S. 23:1208. The OWC, however, ordered Mr. Cook to respond to the other outstanding discovery within fifteen days.[1]
The OWC also allowed the State to file an amended Disputed Claim for Compensation to allege statutory violations. In its amendment, the State amended paragraph 15 C 12 to read as follows:
other: claimant, Mark Cook has violated Louisiana Revised Statute 23:1208 by misrepresenting the information contained in various “Employer’s Monthly Request of Earnings” Forms LDOL-WC-1020 filed with employer misrepresenting the extent of his injuries, his actual physical condition, his ability to work, his ability to earn income and his actual income and income sources.
The amended claim was accepted by the OWC by an order signed on July 28, 2011.
On September 9, 2011, Mr. Cook filed a Motion to Dismiss, contending that the State “has provided no information from which the Administrative [Law] Judge can determine whether there is an actual factual basis or a frivolous inquiry behind these proceedings.” Mr. Cook asserted that the case “has all the markings of a fishing expedition, where [the State] really does not have a cause but is looking to see if there might be something that it does not know about.” (Emphasis added.)
Following a hearing on the Motion to Dismiss, the OWC first stated:
This is Mark Cook’s Motion for Dismissal, which the court’s — the Court is reading as more appropriately an exception of no cause of action seeking a dismissal because of that, and that’s how I’m reading this motion. I am granting the motion that this does not state a cause of action, this first amended petition ... the [S]tate has 15 days to amend and file its second amended petition and to allege specific facts of alleged fraud. [The State is] alleging conclusions.
However, following the State’s objection to the OWC granting the exception of no cause of action, the OWC subsequently granted Mr. Cook’s Motion to Dismiss, issuing a final judgment dismissing the case with prejudice, without allowing the State an opportunity to amend.
l4The State has appealed, asserting that the OWC erred in dismissing its Disputed Claim for Compensation with prejudice. The State also asserts that the OWC erred in denying the State’s Motion to Compel Discovery and Deposition.
DISCUSSION
, [1,2] Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. Wheat v. Nievar, 07-0680, p. 5 (La.App. 1 Cir. 2/8/08), 984 So.2d 773, 776. Courts should look *128 through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 n. 2 (La.1980). See also LSA-C.C.P. art. 865. We read Mr. Cook’s Motion to Dismiss to include the dilatory exception raising the objection of vagueness and/or the peremptory exception raising the objection of no cause of action.
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Ramey v. DeCaire, 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Id.
Generally, no evidence may be introduced to support or controvert the exception raising the objection of no cause of action. LSA-C.C.P. art. 931; Ramey, 03-1299 at p. 7, 869 So.2d at 118. In addition, all facts pled in the petition must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Ramey, Id. If the petition alleges sufficient facts to establish a case cognizable in law, the exception raising the objection of no cause of action must fail. Rebardi v. Crewboats, Inc., 04-0641, pp. 3-4 (La.App. 1 Cir. 2/11/05), 906 So.2d 455, 457. However, the mere conclusions of the plaintiff unsupported by'facts do not set forth a cause of action. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
[^Appellate courts review a judgment sustaining a peremptory exception raising the objection of no cause of action de novo. Ramey, 03-1299 at p. 7, 869 So.2d at 119. This is because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Ramey, 03-1299 at pp. 7-8, 869 So.2d at 119.
By contrast, the purpose of the dilatory exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. Vanderbrook v. Jean, 06-1975, p. 5 (La. App. 1 Cir. 2/14/07), 959 So.2d 965, 968. However, the objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill these aims. Vanderbrook, 06-1975 at p. 5, 959 So.2d at 968. If the plaintiffs petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. Id. Because the exception of vagueness is a dilatory exception, it must be pleaded prior to or in the answer, or it is waived. LSA-C.C.P. arts. 926(A) and 928; Vanderbrook, 06-1975 at p. 5, 959 So.2d at 968.
Mr. Cook contends that the allegations in the State’s amended petition fail to allege “specific facts.” Mr. Cook asserts that the State does not have a cause of action, but is “looking to see if there might be something.” He alleges that such conduct is an abuse of the administrative judicial process and that the State is required, as a matter of law, to inform him as to the specific facts by which it claimed that he committed fraud.
We note that the State, in its amended petition, alleged that the employee misrepresented information in the 1020 forms, including that the employee lied about the extent of his injuries, that the *129 employee lied about his physical condition, that the employee lied about his ability to work, and that the employee lied about his ability to earn income. Although not pleaded with particularity, the allegations do minimally state a cause of action under LSA-R.S. |fi23:1208 in that the State alleges that the employee made several false statements to receive benefits under the Louisiana Workers’ Compensation Act.
A claim of vagueness or uncertainty directed at the factual allegations is subject to an exception raising the objection of vagueness, not the exception of no cause of action. Pelts & Skins, L.L.C. v. Louisiana Dept. of Wildlife and Fisheries, 05-0952, p. 8 (La.App. 1 Cir. 6/21/06), 938 So.2d 1047, 1053, writ denied, 06-1821 (La.10/27/06), 939 So.2d 1281.
Although the State maintains that Mr. Cook never filed an exception of vagueness, as noted above, substance is valued over form and the law does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. Moreover, Mr. Cook initially objected to the State’s failure to plead specific facts in his answer. As such, the dilatory exception raising the objection of vagueness was timely pled. LSA-C.C.P. art. 928 A.
While the State contends that its amended petition was sufficient to put Mr. Cook on notice of the nature of the facts sought to be proved, the State has not alleged any sufficiently substantial particulars to enable Mr. Cook to prepare his defense on the fraud or misrepresentation claims. Even so, when the grounds of the objections pleaded in the dilatory action may be removed by amendment of the petition or other action by plaintiff, the trial court is required by LSA-C.C.P. art. 933 to order the plaintiff to remove the grounds for objection within the delays allowed by the court, and it can dismiss the suit “only for noncompliance with this order.”[2] Accordingly, we remand this matter to the OWC to give the State an opportunity to amend the Disputed Claim for Compensation to cure the vagueness.
|7The State also asserts that it had the right to propound written discovery and to take Mr. Cook’s deposition. We note that prior to the dismissal, the OWC, although it denied the State’s motion to compel Mr. Cook’s deposition, ordered Mr. Cook to respond to written discovery. In light of its ruling dismissing the case, the OWC never addressed Mr. Cook’s failure to respond to the discovery requests. Under these circumstances, Mr. Cook’s failure to respond the discovery should be addressed in the proceedings before the OWC. See LSA-C.C.P. arts. 1470 and 1471. Additionally, considering this court’s ruling, the OWC is ordered to revisit the State’s motion to compel Mr. Cook’s deposition.[3]
*130 CONCLUSION
For the foregoing reasons, the OWC’s judgment dismissing, with prejudice, the State’s Disputed Claim for Compensation is reversed, and this matter is remanded to the Office of Workers’ Compensation to permit the State to amend its Disputed Claim for Compensation within thirty days of this decision becoming final to cure the defects of vagueness and to revisit the State’s motion to compel Mr. Cook’s deposition. All costs of this appeal are assessed to defendant, Mark Cook.
JUDGMENT REVERSED. MATTER REMANDED.

. Mr. Cook has not yet responded to the propounded discovery.

. We recognize that the OWC previously orally ordered the State to amend its Disputed Claim for Compensation “to allege specific facts of alleged fraud.” Although the State failed to amend its Disputed Claim for Compensation with sufficient particularity, the law takes a liberal approach toward allowing amended pleadings in order to promote the interests of justice. Klein v. American Life & Cos. Co., 01-2336, p. 5 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, 531, writs denied, 03-2073, 03-2101 (La.11/7/03), 857 So.2d 497, 857 So.2d 499. Moreover, under the circumstances herein, it appears that the objection may be curable and we cannot conclude that allowing an additional amendment would be a vain and useless act. See Prudential Ins. Co. of America v. CC & F Baton Rouge Dev. Co., 93-2074, p. 13 (La.App. 1 Cir. 10/7/94), 647 So.2d 1131, 1139.

. The OWC denied the motion “based on employee's oral objection to the 1008 filed by the employer on failure to allege any specific facts of 1208 violation.”