STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0289

WALTER C. DUMAS AND WALTER C. DUMAS & ASSOCIATES, INC.

VERSUS

STATE OF LOUISIANA, BOARD OF ETHICS, BOB McANELLY
CHAIRMAN, DR. LOUIS LEGGIO, VICE-CHAIRMAN,
DIANNE MOUTON-ALLEN, L. LAWRENCE BRANDON, JR.,
CHARLES EMILE "PEPPI" BRUNEAU, JR., EDWARD B. DITTMER,
DR. JOHN M. MEINERT, REV. JOSE I. LAVASTIDA,
LA KOSHIA R. ROBERTS, AND LIDDELL SMITH

*Judgment Rendered:* NOV 1 5 2019

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C669226

The Honorable Timothy E. Kelley, Judge Presiding

* * * * * * * *

Travis J. Turner
Gonzales, Louisiana
    and
Ta-Tanisha T. Youngblood
Baton Rouge, Louisiana

Counsel for Plaintiffs/Appellants
Walter C. Dumas and Walter C. Dumas
& Associates, Inc.


Tracy M. Barker
David M. Bordelon
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Board of Ethics


* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Walter C. Dumas and Walter C. Dumas & Associates, Inc. appeal the Nineteenth Judicial District Court's judgment sustaining the peremptory exception of no cause of action filed by the Louisiana Board of Ethics and dismissing the petition for absolute nullity of judgment filed by Walter C. Dumas and Walter C. Dumas & Associates, Inc. with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

Southern University and Agricultural & Mechanical College ("Southern University") is a public university managed by its Board of Supervisors. See La. Const. art. 8, § 7. The Southern University System Foundation ("Foundation") is a non-profit corporation established to support and promote Southern University and is a party to multiple contracts with the university. In an effort to generate revenue for Southern University's athletic department, the Foundation and Southern University entered into a contract authorizing the Foundation to sublease suites at A.W. Mumford Stadium for Southern University's home football games and other athletic events. The Foundation then subleased the suites through a bidding process.

Pursuant to the stadium contract, from 2001 through 2009 the Foundation subleased 50-yard-line stadium suites to Walter Dumas and Associates, Inc., a law firm owned solely by Dumas and in which he was its senior attorney. In April 2006, Dumas became a member of the Board of Directors of the Foundation, and in January 2009, he was appointed to the Board of Supervisors.

Rental payments were made through 2005, then Dumas and the law firm made no payments during the 2006, 2007, and 2008 football seasons. The terms of the sublease covered those seasons beginning July 1, 2007, and ending June 30,

---

[1] These facts are taken in part from a prior appeal. See *Louisiana Bd. of Ethics*, 2017-0313 (La. App. 1 Cir. 11/16/17), 236 So.3d 593, *writ denied sub nom., Louisiana Bd. of Ethics in Matter of Dumas*, 2018-0132 (La. 3/9/18), 238 So.3d 457.

2009, and required a yearly rental payment of $13,800.00, plus a $96,600.00 donation to the Foundation, payable over three years. Dumas alleged that in 2006, for the millions of dollars in donations to the university for which Dumas was responsible, Dr. Ralph Slaughter, then president of Southern University, advised Dumas that he did not have to make the remaining payments under the sublease.

In March 2009, as a member of the Board of Supervisors, Dumas voted to terminate Dr. Slaughter. In April 2009, Dr. Slaughter notified the Foundation that the amounts owed under Dumas' sublease were due and not paid. In June 2009, an invoice was sent to Dumas and the law firm demanding payment of $138,000.00 for the suite. The dispute was resolved in August 2009, when the Foundation voted to forgive any debt for suite rentals owed by Dumas or his law firm for 2006, 2007, and 2008.

These events were disclosed to the Louisiana Board of Ethics by a confidential source. In December 2010, charges were filed alleging violations of the Ethics Code: (1) against Dumas, for accepting forgiveness of a debt owed by the law firm to the Foundation, while Dumas was a member of the Board of Supervisors; and (2) against Dumas and the law firm, because by subleasing a stadium suite, the law firm had an interest in the stadium contract between Southern University and the Foundation, while Dumas, the law firm's sole owner, was a member of the Board of Supervisors. After a public hearing, the Ethics Adjudicatory Board ("the Adjudicatory Board") affirmed the charges and ordered Dumas and the law firm to pay $138,000.00 to the Louisiana Board of Ethics as recovery of an improper economic advantage gained by using the stadium suite for three years without payment.

Dumas and the law firm appealed the Adjudicatory Board's decision. On November 16, 2017, this court affirmed the decision of the Adjudicatory Board. See Louisiana Bd. of Ethics, 236 So.3d at 603.

3

On May 10, 2018, Dumas and the law firm filed a petition for absolute nullity of judgment, alleging that the Adjudicatory Board did not have subject matter jurisdiction. The petition named as defendants the Louisiana Board of Ethics; Bob McAnelly, Chairman; Dr. Louis Leggio, Vice Chairman; Dianne Mouton-Allen; L. Lawrence Brandon, Jr.; Charles Emile "Peppi" Bruneau, Jr.; Edward B. Dittmer; Dr. John M. Meinert; Rev. Jose I. Lavastida; La Koshia R. Roberts; and Liddell Smith (collectively "the Ethics Board").

On May 25, 2018, the Ethics Board filed peremptory exceptions of no cause of action and no right of action, as well as declinatory exceptions of insufficient service of process and improper venue. Regarding the peremptory exception of no cause of action, the Ethics Board argued that the petition for absolute nullity of judgment was a second attempt at an appeal and that this court had already considered these exact allegations.

A hearing on the exceptions was held on August 24, 2018. At the end of the hearing, the trial court orally sustained the Ethics Board's peremptory exception of no case of action. The trial court also gave Dumas and the law firm fifteen days to amend their petition to cure the defect. The record contains no evidence of such amendment.

On October 3, 2018, the trial court signed a judgment sustaining the Ethics Board's peremptory exception of no cause of action and dismissing Dumas and the law firm's petition for absolute nullity of judgment with prejudice. The trial court also denied the Ethics Board's declinatory exceptions of improper venue, lack of service of process, and lack of subject matter jurisdiction. The trial court found the Ethics Board's peremptory exception of no right of action to be moot.[2] This appeal followed.

---

[2] The trial court's judgment also denied a motion and order to transfer record and a motion to continue filed by Dumas and the law firm.

## ASSIGNMENT OF ERROR

Dumas and the law firm assign the following as error:

(1) The trial court erred when it failed to rule that Appellants', Walter C. Dumas and Walter C. Dumas & Associates, Inc., petition for absolute nullity of judgment states a cause of action.

## STANDARD OF REVIEW

A trial court's judgment sustaining the peremptory exception of no cause of action is subject to *de novo* review by an appellate court, employing the same principles applicable to the trial court's determination of the exception. The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition's factual allegations. *Steiner v. Reed*, 2010-1465 (La. App. 1 Cir. 2/11/11); 57 So.3d 1188, 1191. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. Rather, the exception is triable solely on the face of the petition and any attached documents. *Tracer Security Services, Inc. v. Ledet*, 2018-0269 (La. App. 1 Cir. 9/24/18); 259 So.3d 353, 355.

For purposes of determining the issues raised by a peremptory exception of no cause of action, the well-pleaded facts in the petition must be accepted as true, and the court must determine if the law affords the plaintiff a remedy under those facts. Any doubts are resolved in favor of the sufficiency of the petition. *Steiner*, 57 So.3d at 1191. However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. *Southeastern Louisiana University v. Cook*, 2012-0021 (La. App. 1 Cir. 9/21/12); 104 So.3d 124, 128.

## DISCUSSION

In their sole assignment of error, Dumas and the law firm assert that the trial court erred in finding that Dumas and the law firm's petition for absolute nullity of judgment fails to state of action. Dumas and the law firm argue that the

Adjudicatory Board lacked subject matter jurisdiction and that the Adjudicatory Board's decision is thus absolutely null. The Ethics Board argues that Dumas and the law firm raised these same allegations in their prior appeal and in their writ application to the Supreme Court.

The only remedy available to a party seeking to set aside a final judgment is an action in nullity pursuant to La. Code Civ. P. art. 2001, *et seq. Guidry v. Sothern*, 98-1152 (La. App. 1 Cir. 5/14/99); 734 So.2d 928, 930. The nullity of a final judgment may be demanded for vices of either form or substance. La Code Civ. P. art. 2001. A vice of form renders the judgment an absolute nullity. While relatively null judgments must be attacked directly and within the time limitation set forth in La. Code Civ. P. art. 2004, absolutely null judgments may be attacked collaterally, at any time, by rule or by any other method. *In re J.E.T.*, 2016-0384 (La. App. 1 Cir. 10/31/16); 211 So.3d 575, 581.

Louisiana Code of Civil Procedure article 2002 provides in pertinent part that "[a] final judgment shall be annulled if it is rendered . . . [b]y a court which does not have jurisdiction over the subject matter of the suit." A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed. A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. La. Code Civ. P. art. 2005. The law is clear that either of the conditions in La. Code Civ. P. art. 2005 may prohibit maintenance of a nullity action. *Radcliffe 10 L.L.C. v. Zip Tube Systems of Louisiana, Inc.*, 2009-0417 (La. App. 1 Cir. 12/29/09); 30 So.3d 825, 829, *writ denied*, 2010-0244 (La. 4/9/10); 31 So.3d 394 (explaining that both conditions provided in La. Code Civ. P. art. 2005 need not be present).

The ground for nullity asserted by Dumas and the law firm is the Adjudicatory Board's alleged lack of subject matter jurisdiction. Dumas and the

6

law firm assert several arguments pertaining to the Adjudicatory Board's jurisdiction. One of their arguments is that La. R.S. 42:1113(B)[3] is not applicable to Dumas for the years 2006, 2007, and 2008, because Dumas was not appointed to the Southern University System Board of Supervisors until January 9, 2009. Specifically, Dumas asserts that he was not a public official during 2006, 2007, or 2008, because he allegedly did not become a public official until January 9, 2009. This argument was considered by this court in *Louisiana Bd. of Ethics*, 236 So.3d at 598-599, wherein this court found Dumas's argument that he was not a "public employee" or a "public servant" during the years at issue to be without merit. Although Dumas and the law firm use the phrase "public official" in their appellate brief, their petition asserts that "Dumas did not become a public servant and subject to the Ethics Code until January 9, 2009, when he was appointed to the Southern University Board of Supervisors." Accordingly, this alleged ground for nullity has already been considered by the appellate court.

Dumas and the law firm further assert that Dumas did not have a contract for a football suite. This argument was also considered in the prior appeal. See *Louisiana Bd. of Ethics*, 236 So.3d at 602. Because Dumas and the law firm's arguments that Dumas was not a "public servant" during the years at issue and that Dumas did not have a contract for the football suite were considered in the prior appeal, La. Code Civ. P. art. 2005 dictates that the Adjudicatory Board's decision cannot be annulled on these grounds.

Dumas and the law firm also argue that, effective December 31, 2008, the Louisiana Legislative Auditor wrote off any debt Dumas and the law firm may have owed for the football suite. This argument is similar to one asserted in the

---

[3] Louisiana Revised Statutes 42:1113(B) provides:

> Other than a legislator, no appointed member of any board or commission, member of his immediate family, or legal entity in which he has a substantial economic interest shall bid on or enter into or be in any way interested in any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such appointed member.

7

prior appeal, in which Dumas and the law firm argued that the 2009 debt forgiveness lacked economic value because the debt had already been written off. See Louisiana Bd. of Ethics, 236 So.3d at 597, 599-600. Dumas has thus failed to establish that these alleged grounds for nullity did not appear in the record of the prior appeal. See La. Code Civ. P. art. 2005.

Finally, Dumas and the law firm assert two arguments that do not appear to have been explicitly considered in the prior appellate opinion. First, Dumas and the law firm argue that the law firm's corporate charter was revoked by the Secretary of State on May 16, 2014. As a result, Dumas and the law firm argue that the law firm ceased to exist once the corporate charter was revoked, thus rendering the July 12, 2016 Adjudicatory Board decision against the law firm null and void. Secondly, Dumas and the law firm argue throughout their brief that Dumas was not a member of the Southern University and Agricultural & Mechanical College Board of Supervisors because no such board has ever existed. Dumas and the law firm argue that the actual board at issue is the Southern University Board of Supervisors. In other words, Dumas and the law firm attempt to distinguish between the Southern University and Agricultural & Mechanical College at Baton Rouge Board of Supervisors, which the Ethics Board alleged that Dumas was a member of in their ethics charges against Dumas and the law firm, and the Southern University Board of Supervisors.[4]

Even accepting the facts presented in Dumas and the law firm's petition for absolute nullity of judgment as true, we find that the law does not afford a remedy under those facts. Dumas and the law firm have failed to establish that these alleged grounds for nullity (namely, that the law firm did not exist when the Adjudicatory Board decision was rendered and that there is no Southern University and Agricultural & Mechanical College Board of Supervisors at Baton Rouge) did

---

[4] We note that although this argument was made in Dumas and the law firm's appellate brief, this assertion was not made in the petition for absolute nullity of judgment.

8

not appear in the record of the prior appeal. Dumas and the law firm could have made both of these arguments in the prior appeal but failed to do so. Per the petition for absolute nullity of judgment, Dumas was aware as of 2014 that the corporate charter for his law firm had been revoked. Further, any alleged discrepancy between the "Southern University and [Agricultural &] Mechanical College at Baton Rouge Board of Supervisors" and the "Southern University Board of Supervisors" should have been apparent when Dumas and the law firm filed their first appeal. Additionally, this court acknowledged in the prior appellate opinion that Dumas was appointed to Southern University's Board of Supervisors in January 2009. *Louisiana Bd. of Ethics*, 236 So.3d at 595-96. Accordingly, we find that Dumas and the law firm failed to establish that these alleged grounds for nullity were not in the record of the prior appeal and thus, the Adjudicatory Board's decision cannot be annulled on these grounds. La. Code Civ. P. art. 2005.

Because the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action, we find that the trial court properly sustained the Ethics Board's peremptory exception of no cause of action. See *Southeastern Louisiana University v. Cook*, 104 So.3d at 128. This assignment of error lacks merit.

## DECREE

For the above and foregoing reasons, the Nineteenth Judicial District Court's judgment sustaining the peremptory exception of no cause of action filed by the Louisiana Board of Ethics and dismissing the petition for absolute nullity of judgment filed by Walter C. Dumas and Walter C. Dumas & Associates, Inc. with prejudice is affirmed. Costs are assessed to Appellants, Walter C. Dumas and Walter C. Dumas & Associates, Inc.

**AFFIRMED.**