STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 0873

ESTATE OF CECILE COLEMAN JOHNSON

VERSUS

ALLISON WILLIAMS

Judgment Rendered: __APR 2 6 2024__

* * * * *

ON APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT, DIVISION G
IN AND FOR THE PARISH OF ST. MARY
STATE OF LOUISIANA
DOCKET NUMBER 137,183

HONORABLE CURTIS SIGUR, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Morgan Field<br>Baton Rouge, Louisiana | Attorney for Plaintiff-Appellant<br>Shane Alan Johnson, Administrator of<br>the Succession of Cecile Coleman<br>Johnson |
| Robert L. Duffy<br>Berwick, Louisiana | Attorney for Defendant-Appellee<br>Allison Williams |

**BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.**

GREENE, J.

This is an appeal from a judgment that sustained exceptions of no cause of action, nonjoinder of parties, and vagueness and ambiguity of the petition. After review, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On December 28, 2022, Shane Alan Johnson (Mr. Johnson), the administrator of the succession of his mother, Cecile Coleman Johnson (Ms. Johnson), filed a petition for an accounting, naming as defendant one of his four siblings, Allison Williams (Ms. Williams). Ms. Johnson died on June 26, 2021, at the age of 84. Mr. Johnson alleged that Ms. Johnson's living expenses had been significantly less than her social security income. He further maintained that Ms. Johnson's net worth had been reduced by over $400,000.00 in the five years prior to her death. Mr. Johnson alleged that, at the time Ms. Johnson died, she was in good health except for memory problems, which he and other family members suspected were the result of dementia or Alzheimer's disease.

Mr. Johnson listed a series of withdrawals from Ms. Johnson's bank account between June 29, 2016 and March 2, 2021, and maintained that, as Ms. Johnson did not drive, he believed that Ms. Williams took Ms. Johnson to the bank to make the withdrawals. He also noted that Ms. Johnson's $52,851.00 IRA had been withdrawn and the money had vanished. He maintained that he desired to determine where all of the missing funds had been relocated or invested, and alleged that Ms. Williams possessed either a portion of or all of the unaccounted for funds or could help locate the funds. He asked that the court issue a rule to show cause why Ms. Williams should not be made to assist in the inventory or accounting for the funds.

Ms. Williams filed exceptions raising the objections of vagueness or ambiguity, nonjoinder of parties, insufficiency of citation, insufficient service of process, and no cause of action. In part, Ms. Williams maintained that Ms. Johnson had never been interdicted, and the only cause of action available to Mr. Johnson as administrator was for collation. Ms. Williams prayed that the petition be dismissed.

The matter was heard on March 20, 2023. At the hearing, Ms. Williams' attorney maintained that Ms. Johnson had not been interdicted and had been free to do as she

2

wished with her money. He maintained that the administrator's only available avenue was to determine whether collation was applicable. At the close of the hearing, the trial court stated that it had "no choice" but to grant the exception and noted "[y]ou have to find another avenue." The judgment stated, "this court does hereby sustain all exceptions filed by [Ms.] Williams" and dismissed the matter. The judgment was signed on April 17, 2023. Mr. Johnson appealed that judgment

On October 4, 2023, this Court issued a rule to show cause order, noting the judgment appeared to lack appropriate decretal language because it failed to specify the exceptions sustained and the relief awarded. This Court ordered the parties to show cause by briefs whether the appeal should be remanded. Thereafter, this Court issued an interim order on December 20, 2023, directing the trial court to issue an amended judgment correcting the deficiencies by January 19, 2024.

An amended judgment was signed by the trial court on January 17, 2024. The amended judgment sustained the peremptory exceptions raising the objections of no cause of action and nonjoinder of parties and the dilatory exception raising the objection of vagueness or ambiguity of the petition.

In his assignments of error, Mr. Johnson maintains that the trial court erred in sustaining Ms. Williams' exception raising the objection of vagueness or ambiguity of the petition, erred in sustaining Ms. Williams' exception raising the objection of nonjoinder of a party as to the other heirs of Ms. Johnson, and erred in sustaining the exception raising the objection of no cause of action and not allowing Mr. Johnson to amend his petition.

## DISCUSSION

### *Nonjoinder of parties*

Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed. La. C.C.P. art. 685. As the heirs need not be joined as parties in an action by the administrator to enforce a right of the

3

succession, we find the trial court erred in sustaining the exception raising the objection of nonjoinder of parties. See La. C.C.P. art. 685.

**No cause of action**

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc.,** 616 So.2d at 1235.

Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. **Marse v. Red Frog Events, LLC,** 2019-1525 (La. App. 1 Cir. 9/18/20), 313 So.3d 1001, 1006, writ denied, 2020-01215 (La. 12/22/20) 307 So.3d 1044.

A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor. La. C.C.P. art. 3211. A succession representative shall preserve, repair, maintain, and protect the property of the succession. La. C.C.P. art. 3221.

Mr. Williams alleged that he was the administrator of his mother's estate, there was money missing from his mother's estate, that he believed his mother had dementia, and that Ms. Williams possessed either all or a portion of the missing funds from the estate or could help locate the funds. The law clearly recognizes a cause of action by an administrator for the return of succession assets. La. C.C.P. art. 3211; **In re Succession of Duke,** 44,377 (La. App. 2 Cir. 7/1/09), 16 So.3d 459, 462. Under the facts alleged, the petition states a cause of action.

4

### *Vagueness or ambiguity of the petition*

The purpose of the objection of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. **Vanderbrook v. Jean,** 2006-1975 (La. App. 1 Cir. 2/14/07), 959 So.2d 965, 968. However, the objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims outlined above. If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the objection of vagueness will be denied. **Vanderbrook,** 959 So.2d at 968.

Herein, the claims were set forth with sufficient particularities to inform Ms. Williams of the nature of those claims so as to allow preparation of a defense. See **State Through Louisiana Board of Ethics v. Dumas,** 2023-0013 (La. App. 1 Cir. 6/2/23), 370 So.3d 55, 60. Thus, the trial court erred in sustaining the objection raising the exception of vagueness or ambiguity.

## CONCLUSION

For the foregoing reasons, the trial court judgment is reversed and the matter is remanded. The costs of this appeal are assessed against Allison Williams.

**REVERSED AND REMANDED.**