**NOT DESIGNATED FOR PUBLICATION**
**COURT OF APPEAL**
**FIRST CIRCUIT**

**2024 CA 0316**

JOHNETTE MARTIN

VERSUS

BOARD OF ADJUSTMENT, THROUGH ITS CHAIRMAN,
THE CITY/PARISH OF EAST BATON ROUGE

Judgment Rendered: DEC 0 6 2024

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 718903

Honorable Trudy M. White, Judge Presiding[1]

\* \* \* \* \* \*

Johnette L. Martin, Esq.
Baton Rouge, Louisiana

Plaintiff/Appellant
In Proper Person

A. Gregory Rome
Parish Attorney
-and-
Gwendolyn K. Brown
Special Assistant Parish Attorney
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Board of Adjustment, through its
Chairman, The City/Parish of East
Baton Rouge

Brad M. Boudreaux
Stephen R. Vick, Jr.
Baton Rouge, Louisiana

Counsel for Defendants/Appellees
Richelle DeCuir and Ronald DeCuir

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

---

[1] Judge Trudy M. White presided over this matter until her retirement and signed the judgment at issue in this appeal. However, Judge Max N. Tobias, Jr., serving *pro tem* following Judge White's retirement, signed the order of appeal.

**McCLENDON, J.**

Plaintiff/appellant challenges two portions of the trial court's judgment, one sustaining the exception raising the objection of lack of procedural capacity as to one defendant and dismissing plaintiff's claims against said defendant, and the other sustaining the exception raising the objection of no cause of action as to one claim for relief. For the reasons that follow, we reverse in part.

## FACTS AND PROCEDURAL HISTORY

On April 11, 2022, the Metropolitan Board of Adjustment (the Board) granted a variance request submitted by Ronald DeCuir and Richelle M. DeCuir, thereby approving the installation of a fourth driveway on Mr. DeCuir's property located at 5946 Cherryridge Drive in the Bluebonnet Terrace Subdivision in Baton Rouge. On May 11, 2022, Johnette Martin, the owner of neighboring property, filed a "Petition for Declaratory Judgment and/or Petition for Review of Decision of the City/Parish Board of Adjustment, Request for Writ of Certiorari, and, Writ of Mandamus with Request for Written Notice" (original petition), together with attachments thereto.[2] The original petition named the Board and the City of Baton Rouge/Parish of East Baton Rouge[3] (the City/Parish) as defendants. The original petition alleged that the fourth driveway "greatly exceed[ed] the limitations set forth by the Zoning Ordinance (Unified Development Code)" and urged the trial court to find that the variance the Board granted in favor of Mr. DeCuir to be illegal.

In response to the original petition, the Board and the City/Parish filed a dilatory exception raising the objection of nonconformity of the petition,[4] a dilatory exception

---

[2] The documents Ms. Martin attached in support of the original petition included the "Metropolitan Board of Adjustment Application" Mr. DeCuir filed seeking the variance request; a March 16, 2022 letter from counsel for Mr. DeCuir to the Board; emails that appear to have been exchanged between Mr. DeCuir and a representative or member of his Homeowners Association regarding installation of the fourth driveway; a photograph that appears to depict an aerial view of the driveways at issue; and documents entitled "Chapter 2 ADMINISTRATION[,]" "Chapter 3 ADMINISTRATIVE MECHANISMS[,]" and "Chapter 5 WAIVERS[,]" which appear to be selected text from the "Zoning Ordinance"/Unified Development Code referenced throughout the original petition and amended petition.

[3] The petition named the City of Baton Rouge, without expressly naming the Parish of East Baton Rouge. However, the consolidated government of the City of Baton Rouge and Parish of East Baton Rouge made an appearance and filed the instant exceptions. **Martin v. Board of Adjustment Through Chairman,** 2023-0658 (La.App. 1 Cir. 2/23/24), 387 So.3d 17, 19 n.4.

[4] Louisiana Code of Civil Procedure article 926(A)(4) provides for the dilatory exception of "[n]onconformity of the petition with any of the requirements of Article 891." Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation[.]"

2

raising the objection of vagueness of the petition,[5] a peremptory exception raising the objection of no right of action, and a peremptory exception raising the objection of no cause of action. The exceptions came for hearing on August 24, 2022. Following the hearing, the trial court signed a judgment reflecting Ms. Martin's "voluntary agreement to file a supplemental and amending Petition to clarify, amend, and/or supplement the original petition" and that the peremptory exceptions raising the objections of no right of action and no cause of action were continued without date.

On November 18, 2022, Ms. Martin filed a "First Amending and Supplemental Petition for Declaratory Judgment and/or Petition for Review of Decision of the City/Parish Board of Adjustment, Request for Writ of Certiorari, and, Writ of Mandamus with Request for Written Notice" (amended petition). In addition to clarifying, amending, and supplementing her original petition, the amended petition named Mr. DeCuir and his wife, Richelle DeCuir, as additional defendants.

The Board and the City/Parish filed numerous exceptions in response to Ms. Martin's amended petition. At issue in this appeal are the dilatory exception raising the objection of lack of procedural capacity as to the Board and the peremptory exception raising the objection of no cause of action as to the mandamus claim.[6] The exception raising the objection of lack of procedural capacity averred that the Board was not a political body that could sue or be sued. The exception raising the objection of no cause of action argued that Ms. Martin failed to state a cause of action for mandamus because her petition did not allege "that the permitting of a variance is a non-discretionary act[.]"Ms. Martin filed a memorandum in opposition to the Board and the City/Parish's exceptions.

---

[5] Louisiana Code of Civil Procedure article 926(A)(5) provides for the dilatory exception of "[v]agueness or ambiguity of the petition." The purpose of the objection of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. However, the objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims outlined above. If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. **Vanderbrook v. Jean**, 2006-1975 (La.App. 1 Cir. 2/14/07), 959 So.2d 965, 968.

[6] Louisiana Code of Civil Procedure article 922 recognizes three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. Subsequently, for brevity herein, we refer to the dilatory exception raising the objection of lack of procedural capacity as an exception of lack of procedural capacity, and we refer to the peremptory exception raising the objection of no cause of action as an exception of no cause of action. See LSA-C.C.P. art. 926(A)(6) and 927(A)(5).

The trial court heard the exceptions filed by the Board and City/Parish on February 13, 2023, and signed a written judgment ruling on same on February 28, 2023. The February 28, 2023 judgment provided, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED[,] AND DECREED** that the Dilatory Exception of Lack of Procedural Capacity is **GRANTED/SUSTAINED**. The Court finds that BOARD OF ADJUSTMENTS is not a political body authorized to be sued, but rather the BOARD OF ADJUSTMENTS is a division of the consolidated City/Parish government, with the City/Parish being the proper party and that the BOARD OF ADJUSTMENTS is hereby DISMISSED.
>
> ***
>
> **IT IS HEREBY ORDERED, ADJUDGED[,] AND DECREED** that the Peremptory Exception of No Cause of Action as to the Mandamus claim is **GRANTED/SUSTAINED**. The Court finds that Board of Adjustments is [a] division of the consolidated City/Parish government and it[] maintains discretion in granting or denying any request for a variance and the act of granting or denying the variance is not a[] ministerial act.

Ms. Martin has appealed the February 28, 2023 judgment in favor of the City/Parish and the Board.[7] On appeal, Ms. Martin raises two assignments of error. First, Ms. Martin argues that the trial court erred in sustaining the exception of lack of procedural capacity regarding the Board and in dismissing all of her claims against the Board. Second, Ms. Martin argues that the trial court erred in granting the exception of no cause of action as to the mandamus claim.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. This court's appellate jurisdiction extends only to final judgments, which determine the merits in whole or in part, and to interlocutory judgments made expressly appealable by law. See LSA-C.C.P. arts. 1841 and 2083; **Bias v. Haley**, 2023-0281 (La.App. 1 Cir. 11/3/23), 383 So.3d 175, 181.

---

[7] During the February 13, 2023 hearing of the exceptions at issue in this appeal, the trial court also heard exceptions filed by the DeCuirs. Subsequently, the trial court executed a March 2, 2023 judgment that dismissed Ms. Martin's claims against the DeCuirs. On April 28, 2023, Ms. Martin timely filed a motion and order for appeal, seeking to appeal both the February 28, 2023 judgment and the March 2, 2023 judgment. Although the trial court signed an order granting an appeal as requested, the clerk of court for the 19th JDC issued a notice of appeal for only the March 2, 2023 judgment addressing the exceptions filed by the DeCuirs, and this court issued a notice of lodging for only the March 2, 2023 judgment. Thus, this court's prior decision in **Martin v. Board of Adjustment Through Chairman**, 2023-0658 (La.App. 1 Cir. 2/23/24), 387 So.3d 17, 23, considered only the March 2, 2023 judgment sustaining the exception of no cause of action filed by the DeCuirs.

4

On April 22, 2024, this court issued an *ex proprio motu* order noting that the February 28, 2023 judgment appeared to be a non-appealable ruling and directing the parties to show cause by briefs whether the appeal should or should not be dismissed. After reviewing the parties' briefs, this court issued an action on June 17, 2024, referring the rule to show cause to the merits panel. Accordingly, we now consider whether our appellate jurisdiction extends to those portions of the February 28, 2023 judgment challenged in the appeal now before us. See **Harvey v. Collins**, 2019-1356 (La.App. 1 Cir. 7/23/20), 2020 WL 4214348, *5 (unpublished), writ denied, 2020-01044 (La. 11/10/20), 303 So.3d 1042.[8]

In Ms. Martin's first assignment of error, she challenges that portion of the trial court's February 28, 2023 judgment sustaining the exception of lack of procedural capacity as to the Board and dismissing the Board. In response to this court's show cause order, Ms. Martin argued that the trial court's dismissal of the Board was an appealable, partial final judgment pursuant to LSA-C.C.P. art. 1915(A). Louisiana Code of Civil Procedure article 1915 provides, in pertinent part:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> > (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

A partial judgment dismissing the suit as to less than all the parties pursuant to the foregoing article does not require a designation as a final judgment, and is immediately appealable. **Bayou Manchac Holdings, LLC v. Iberville Parish Council**, 2023-0446 (La.App. 1 Cir. 12/14/23), 380 So.3d 635, 638 n.1. In opposition, the City/Parish argued

---

[8] In **Harvey**, this court reviewed a judgment on the merits that dismissed a reconventional demand as an appealable judgment, and declined to review other interlocutory rulings that were contained in the same judgment but were not subject to this court's appellate jurisdiction. This court wrote, in pertinent part:

> A judgment that only partially determines the merits of the action is a partial final judgment and is only appealable if authorized by Louisiana Code of Civil Procedure article 1915. *Rhodes v. Lewis*, 01-1989 (La. 5/14/02), 817 So.2d 64, 66. The judgment dismissing the claims against [the defendant-in-reconvention] is a partial final judgment that is appealable, without designation by the trial court, pursuant to Louisiana Code of Civil Procedure article 1915[(A)](1). However, the appeal is restricted to that partial final judgment and interlocutory judgments involving the same or related issues. The interlocutory judgment granting the protective order is not so interrelated to the judgment dismissing the claims against [the defendant-in-reconvention] such that it is subject to appellate review. Therefore, we do not consider the defendants' arguments related to the interlocutory judgment.

**Harvey**, 2020 WL 4214348 at *5.

5

that the judgment was not a final judgment, but an interlocutory judgment under LSA-C.C.P. art. 1841.[9] Upon review, we find that the portion of the February 28, 2023 judgment sustaining the exception of lack of procedural capacity as to the Board and dismissing Ms. Martin's claims against the Board to be final pursuant to LSA-C.C.P. art. 1915(A)(1). Thus, this court has jurisdiction to consider Ms. Martin's first assignment of error.

In Ms. Martin's second assignment of error, she challenges that portion of the trial court's February 28, 2023 judgment granting the exception of no cause of action as to her mandamus claim. Ms. Martin did not address this provision of the judgment in response to this court's show cause order. However, the City/Parish correctly argued that although a judgment denying a petition for writ of mandamus is an appealable judgment, see **City of Baton Rouge v. Douglas**, 2016-0655 (La.App. 1 Cir. 4/12/17), 218 So.3d 158, 163, that portion of the February 28, 2023 judgment granting the exception of no cause of action as to Ms. Martin's mandamus claim did not contain decretal language dismissing or disposing of said claim. See **University Medical Center v. Schnauder**, 2019-0149 (La.App. 1 Cir. 10/23/19), 2019 WL 5485181, *1 (unpublished) ("[W]hile the October 16, 2018 judgment that [the plaintiff] sought to appeal specifically denied its petition for a writ of mandamus, we find the judgment is defective and not a final judgment for the purpose of an appeal because it does not contain appropriate decretal language dismissing any claims or the petition."). Consequently, on September 26, 2024, this court issued an interim order pursuant to LSA-C.C.P. arts. 1918(A), 1951, and 2088(A)(12), as amended by 2021 La. Acts No. 259, §2 (eff. Aug. 1, 2021), requesting the trial court to issue an amended judgment correcting the deficiencies and to supplement the appellate record with same by October 28, 2024.

However, as of the date of this opinion, the appellate record has not been supplemented with an amended judgment. Consequently, that portion of the February 28, 2023 judgment granting the exception of no cause of action as to Ms. Martin's

---

[9] Louisiana Code of Civil Procedure article 1841 provides, in pertinent part, "[a] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment."

mandamus claim is not final for purposes of appeal, and we lack appellate jurisdiction to consider Ms. Martin's second assignment of error challenging same.

## DISCUSSION

In Ms. Martin's first assignment of error, she argues that the trial court erred in sustaining the exception of lack of procedural capacity as to the Board and in dismissing her claims against the Board. Lack of procedural capacity is a dilatory exception that tests a party's legal capacity to sue or be sued. See LSA-C.C.P. art. 926(A)(6); **Woodard v. Upp**, 2013-0999 (La.App. 1 Cir. 2/18/14), 142 So.3d 14, 18. The determination of whether a party has the procedural capacity to sue or be sued involves a question of law subject to the *de novo* standard of review on appeal. **Mt. Zion Baptist Association v. Mt. Zion Baptist Church #1 of Revilletown Park**, 2016-0151 (La.App. 1 Cir. 10/31/16), 207 So.3d 414, 417, writ denied, 2016-02109 (La. 2/3/17), 215 So.3d 697. Having conducted a thorough *de novo* review of the record, we find that the dilatory exception raising the objection of lack of procedural capacity filed by the Board and the City/Parish in this matter should have been overruled on procedural grounds. See **Pinegar v. Harris**, 2008-1112 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081, 1088; **Vanderbrook v. Jean**, 2006-1975 (La.App. 1 Cir. 2/14/07), 959 So.2d 965, 968.

Pursuant to LSA-C.C.P. art. 926(B), all objections which may be raised through the dilatory exception "are waived unless pleaded therein." Additionally, under LSA-C.C.P. art. 928(A),[10] the dilatory exception must be pleaded prior to or in the answer and prior to or along with the filing of any pleading seeking any relief, other than certain enumerated instances not applicable in this case. See **Armand v. Lady of the Sea**

---

[10] Louisiana Code of Civil Procedure article 928 provides:

> A. The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the signing of a default judgment. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.
>
> B. The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both.

**General Hospital**, 2011-1083 (La.App. 1 Cir. 12/21/11), 80 So.3d 1222, 1227, writ denied, 2012-0230 (La. 3/30/12), 85 So.3d 121.

In this matter, the record plainly reflects that the original petition named the Board as a defendant. In response to the original petition, the Board and the City/Parish filed dilatory exceptions raising the objections of vagueness and nonconformity of the petition, as well as peremptory exceptions raising the objections of no cause and no right of action. However, the Board and the City/Parish failed to plead the dilatory exception of lack of procedural capacity together with the other exceptions; rather, the exception of lack of procedural capacity was not raised until after Ms. Martin filed the amended petition. Consequently, the exception of lack of procedural capacity as to the Board was waived. See LSA-C.C.P. art. 928(A); see also **Vanderbrook**, 959 So.2d at 968.

This court considered a similar situation in **Vanderbrook**, 959 So.2d 965. In **Vanderbrook**, the defendants answered the original petition and "asserted therein several affirmative defenses and peremptory exceptions." **Vanderbrook**, 959 So.2d at 968. However, similarly to the Board and the City/Parish in this matter, the defendants in **Vanderbrook** failed to assert certain dilatory exceptions together with the other exceptions pled in response to the original petition, and then sought to plead the dilatory exceptions in response to an amended petition. Referencing LSA-C.C.P. art. 928, this court found that the dilatory exceptions were "waived as to the original petition." Moreover, because the amended petition did not assert any new claims against the excepting defendants, this court found that the trial court erred in sustaining the exception of vagueness pled in response to the amended petition. Specifically, this court wrote:

> In the instant case, the ... defendants answered the plaintiffs' original petition and asserted therein several affirmative defenses and peremptory exceptions. However, the ... defendants failed to assert the dilatory exception raising the objections of vagueness and nonconformity of the petition. As such, that exception was waived as to the original petition. *See* La. C.C.P. art. 928. Furthermore, though the ... defendants filed an exception raising the objection of vagueness as to plaintiffs' first supplemental and amending petition, that petition did not assert any new claims against the ... defendants, but merely sought to clarify the claims previously asserted in the original petition. As such, to the extent that the ... defendants answered the original petition and presumably were fairly informed of the claims against them so as to enable them to prepare a defense, it is difficult to fathom that they were no longer fairly informed

8

after the filing of the more detailed supplemental and amending petition. Therefore, the trial court erred in sustaining the ... defendants' exception raising the objection of vagueness and in dismissing the plaintiffs' claims against the ... defendants.

**Vanderbrook**, 959 So.2d at 968.

In this matter, though the City/Parish and the Board filed an exception of lack of procedural capacity as to the amended petition, the basis of that exception existed prior to the amended petition. The amended petition, which merely sought to clarify the claims previously asserted in the original petition and added the DeCuirs as defendants, did not affect the basis of the exception of lack of procedural capacity as to the Board. Stated differently, although the City/Parish and the Board were fairly informed of the Board's status as a named defendant when they filed the dilatory exception raising the objections of vagueness and nonconformity in response to the original petition, they failed to assert the exception of lack of procedural capacity together with those other dilatory exceptions. Because nothing prevented the City/Parish and the Board from objecting to the Board's inclusion as a party on the basis of lack of procedural capacity in response to the original petition as was required, and the basis of the exception of lack of procedural capacity was not affected by the amended petition, the exception of lack of procedural capacity as to the Board was procedurally waived by the City/Parish and the Board's failure to raise the exception in response to the original petition. See **Vanderbrook**, 959 So.2d at 968, and **Pinegar**, 20 So.3d at 1088. The trial court erred in sustaining the City/Parish and the Board's dilatory exception raising the objection of lack of procedural capacity and in dismissing Ms. Martin's claims against the Board.

## CONCLUSION

For the foregoing reasons, that portion of the trial court's February 28, 2023 judgment that sustained the objection of lack of procedural capacity as to the Metropolitan Board of Adjustment and that dismissed Johnette Martin's claims against the Metropolitan Board of Adjustment are reversed. Costs of this appeal are assessed to the Metropolitan Board of Adjustment in the amount of $986.00.

**REVERSED IN PART.**