# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1202, 2023 CW 0346

### DEEP SOUTH CENTER FOR ENVIRONMENTAL JUSTICE, HEALTHY GULF AND SIERRA CLUB

### VERSUS

### SECRETARY, LOUISIANA DEPARTMENT OF NATURAL RESOURCES

*Judgment Rendered:* AUG 2 1 2024 *, 2024*

WILM

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C725514

The Honorable Wilson E. Fields, Judge Presiding

\*\*\*\*\*\*\*\*

Lisa M. Diaz
New Orleans, Louisiana
Robert B. Wiygul
Ocean Springs, Mississippi
Louisa Eberle
Denver, Colorado

Counsel for Plaintiffs/Appellants
Deep South Center for Environmental
Justice, Healthy Gulf and Sierra Club


Cheryl K. Sibley
Ryan M. Seidmann, Ph.D
Morgan D. Rogers
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
State of Louisiana, Department of
Natural Resources

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Guidry, CJ. Dissents and assigns reasons.

Chutz, J. Concurs without Reasons by
WILM

**LANIER, J.**

In this action for judicial review, the plaintiffs/appellants, Deep South Center for Environmental Justice, Healthy Gulf and Sierra Club (collectively Deep South), challenge the 19th Judicial District Court's sustaining a declinatory exception raising the objection of improper venue filed by the defendant/appellee, State of Louisiana through the Department of Natural Resources (LDNR). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The instant case involves the Plaquemines Liquified Natural Gas (LNG) facility located in the designated coastal zone of Plaquemines Parish, about 35 miles south of New Orleans. The facility is designed to process and export 20 million tons of LNG per year. The facility, which is still under construction, will potentially affect 648 acres of land, 80.6 acres of aquatic resources, and over 368 acres of sensitive wetlands. Construction of the Gator Express Pipeline, which would connect to the facility, would impact approximately 75 acres of wetlands, over 876 acres of open water, and over four acres of oyster leases. On August 26, 2019, LDNR, through the Office of Coastal Management (OCM) determined that the facility was exempt from the requirement of a coastal use permit (CUP), citing the facility's elevation and location on fastlands as reasons.[1]

On August 29, 2022, Deep South submitted a petition for declaratory order to LDNR pursuant to La. R.S. 49:977.4[2] of the Administrative Procedure Act

---

[1] On October 17, 2019, LDNR required and issued a CUP to the pipeline.

[2] Louisiana Revised Statutes 49:977.4 was designated as La. R.S. 49:962 prior to August 1, 2022, and reads as follows:

> Each agency shall provide by rule for the filing and prompt disposition of petitions for declaratory orders and rulings as to the applicability of any statutory provision or of any rule or order of the agency. Declaratory orders and rulings shall have the same status as agency decisions or orders in adjudicated cases.

2

(APA), requesting that LDNR require a CUP for the facility, based on new data acquired from flooding around the area due to Hurricane Ida in 2021 and from findings in 2022 by the National Oceanic and Atmospheric Administration, which predicted a sea-level rise in the facility's area over the next 30 years. On October 24, 2022, LDNR denied Deep South's petition, finding that the petition was in effect an out-of-time appeal of the August 26, 2019 decision by OCM, and that conditions surrounding the facility had not sufficiently changed for LDNR to reopen the matter.

On November 7, 2022, Deep South filed in the 19th JDC a petition for review of LDNR's October 24, 2022 denial of Deep South's petition for declaratory order of August 29, 2022. In the petition for review, Deep South claimed that pursuant to the APA, LDNR was arbitrary, capricious, and it decision was contrary to law in refusing to reconsider its original finding that a CUP was not required for the facility in Plaquemines Parish to operate. Deep South requested that LDNR's decision be vacated and the matter remanded for a declaration that a CUP is required for the facility, and that a cease and desist order be issued to the facility until a CUP is issued.[3]

On December 21, 2022, LDNR filed declinatory exceptions raising the objections of improper venue and lack of subject matter jurisdiction and peremptory exceptions raising the objections of prescription and no cause of action. Pertaining to the exception of improper venue, which is the central issue of this appeal, LDNR argued that the State and Local Coastal Resources Management Act (SLCRMA), La. R.S. 49:214.21 *et seq.*, is the more specific law governing venue in the instant matter. According to La. R.S. 49:214.35(E), "[p]roceedings for review may be instituted by filing a petition in the district court of the parish in

---

[3] Deep South filed an amended petition for review on February 3, 2023. The prayer for relief in the amended petition is identical to that of the original petition.

which the proposed use is to be situated." LDNR therefore argued that the proper venue for the instant matter is in Plaquemine Parish.

In its opposition to the declinatory exception raising the objection of improper venue, Deep South argued that it was not appealing LDNR's August 26, 2019 determination that a CUP was not required for the facility. Instead, Deep South argued that it had commenced a new action based on the new environmental impact evidence it had compiled after LDNR's initial determination had been made and as such, under the judicial review provisions of the APA and the Louisiana Administrative Code, LDNR's declaratory order must be reviewed in East Baton Rouge Parish.

The district court ruled from the bench on March 13, 2023, granting LDNR's declinatory exception raising the objection of improper venue, and ruling all other exceptions were moot. Deep South filed a "Motion for Reconsideration of Dismissal Rather than Transfer to the District Court of Plaquemines Parish" on March 14, 2023, and following a contradictory hearing, the district court denied the motion.[4] On March 28, 2023, the district court signed a judgment granting the exception of improper venue and dismissing Deep South's petition. Deep South has appealed the district court's March 28, 2023 judgment.[5]

## ASSIGNMENTS OF ERROR

---

[4] This court issued an interim order on March 13, 2024, remanding the case to the district court for the limited purpose of ruling on the motion for reconsideration. On May 20, 2024, the district court signed a consent judgment in which the parties agreed that the motion had been implicitly denied, since the district court never signed the motion. The record has been supplemented with the consent judgment. The consent judgment resolves any doubt as to whether the motion to reconsider was denied, and as such, this court may now review the merits of the instant case.

[5] Deep South also applied for a supervisory writ with this court to address the same issue that is on appeal. This court referred the writ to the appellate panel. *Deep South Center for Environmental Justice, Healthy Gulf and Sierra Club v. Secretary Louisiana Department of Natural Resources*, 2023 CW 0346 (La. App. 1 Cir. 7/12/2023) (unpublished writ action). As such, we consolidate the writ action with the instant appeal.

Deep South avers that the district court erred in determining that East Baton Rouge Parish was an improper venue, where the plain language of the APA and LDNR's regulations require judicial review of declaratory orders and rulings in East Baton Rouge Parish, and the SLCRMA is silent with respect to disposition of such declaratory orders and rulings.

Alternatively, Deep South avers that if the SLCRMA venue provision controls, the district court erred in dismissing this matter, rather than transferring it to the 25th Judicial District Court in and for Plaquemines Parish, because Deep South did not knowingly file in the wrong venue, dismissal was prohibited because a transfer was possible and conducive to the administration of justice, and transfer is the only means through which Deep South can obtain review on the merits of its claims.

## STANDARD OF REVIEW

Venue is a question of law, which is reviewed *de* novo by the appellate court. *DeForest v. Acadian Gardens Condominium Association*, 2022-1157 (La. App. 1 Cir. 4/28/23), 368 So.3d 110, 113. However, in deciding a declinatory exception raising the objection of improper venue, a district court is afforded discretion in choosing to dismiss the action or transfer it to a proper venue in the interest of justice. See La. C.C.P. arts. 121 and 932(B). As such, appellate courts review this decision under the abuse of discretion standard of review. *DeForest*, 368 So.3d at 114.

The decision to transfer or dismiss a lawsuit due to improper venue is addressed in La. C.C.P. arts. 121 and 932. Under Article 121, when an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. Similarly, under Article

5

932(B), if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

A jurisprudential rule has evolved which provides that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when a plaintiff is unable to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case may be transferred to a court of proper venue pursuant to La. C.C.P. art. 121. However, when a plaintiff knowingly files suit in the wrong venue, dismissal is proper. *DeForest*, 368 So.3d at 114.

## DISCUSSION

In the instant case, Deep South contends that its Petition for Declaratory Order and Ruling to LDNR sought a ruling from LDNR on the applicability of coastal use permitting requirements to LNG in light of new data and information. As such, Deep South argues that the APA controls and proper venue for the instant case is in East Baton Rouge Parish. LDNR, however, argues that Deep South's actions seeks review of a coastal use permit decision and therefore, the SLCRMA controls and proper venue is in Plaquemine Parish. Therefore, in order to determine whether Deep South's action was filed in a court of proper venue, we must first determine the nature of Deep South's action and then which law governs the proper venue of that type of action.

Prior to Deep South's submission of the petition for declaratory order on August 29, 2022, Sierra Club had individually submitted a "Petition for Reconsideration of Venture Global Plaquemines LNG, LLC's Coastal Use Authorization/Consistency Determination" on January 7, 2022, in which it sought reconsideration of LDNR's action to exempt the facility from a CUP requirement, pursuant to La. R.S. 49:214.35(B) of the SLCRMA. Sierra Club's petition cited the

facility's risk of flooding due to insufficient levees and spillage of toxic chemicals into the coastal wetlands, as well as the discovery of new post-Hurricane Ida evidence that indicated the facility was not safe from flooding as previously determined by the LDNR. Sierra Club therefore requested that LDNR reverse its previous decision and require that a CUP be obtained for the facility to operate.

LDNR responded to Sierra Club's petition on January 24, 2022, stating that there was "no statutory or regulatory authority allowing [LDNR] to revisit permitting decisions made years ago based on an additional permit application." LDNR therefore denied Sierra Club's petition.

Following the aforementioned denial, Sierra Club, together with Healthy Gulf and Deep South Center for Environmental Justice, submitted their "Petition for Declaratory Order and Ruling as to the Applicability of Statutory Provision and Rule Requiring a Coastal Use Permit for Venture Global Plaquemines LNG." This petition is more extensive than the previous petition submitted by Sierra Club, but it references the same facts and cites the same risks surrounding the facility in Plaquemines Parish. Similarly, the petition relies upon the newly-found data stemming from Hurricane Ida and the levee system's deficiencies in protecting the facility from flooding. The petition also requests as relief a determination from LDNR that a CUP be required for the facility's operation, as well as a cease and desist order until the facility acquired a CUP.

What is notably different about this second petition is its reliance on the APA as justification for requesting a declaratory order from LDNR, although the petition still relies on the SLCRMA as the substantive law that arguably prohibited the facility's operation without a CUP. Although the second petition is much longer than the first and lays out the environmental risks associated with the facility in greater detail, it nevertheless sets forth the same issues and requests the same remedies as the first petition submitted by Sierra Club.

7

Likewise, although written differently, LDNR's October 24, 2022 denial of Deep South's petition reaches the same result as its denial of Sierra Club's petition. LDNR found that Deep South's petition functioned as an out-of-time appeal, and that conditions surrounding the facility had not changed sufficiently to reopen the matter. Like its denial of the Sierra Club petition, LDNR in its second denial essentially concluded that too much time had passed to revisit the decision to exempt the facility from a CUP.

It is well-settled that courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. *Southeastern Louisiana University v. Cook*, 2012-0021 (La. App. 1 Cir. 9/21/12), 104 So.3d 124, 127-28. Analogously, we find that in reading the two aforementioned petitions submitted to LDNR, we should construe the pleadings for the purpose for which they were submitted and look to their substance and relief sought, rather than technicalities. See *Vance v. Edwards*, 2023-0016 (La. App. 1 Cir. 10/30/23), 377 So.3d 710, 713, writ denied, 2024-00005 (La. 2/27/24), 379 So.3d 1266. Deep South's petition for declaratory order was submitted to LDNR for the same reasons that Sierra Club submitted its petition for reconsideration: to prohibit the facility from operating until it can obtain a CUP. Therefore, Deep South's petition for declaratory order was merely a rewriting of Sierra Club's petition for reconsideration of LDNR's permit action pursuant to La. R.S. 49:214.35 of the SLCRMA. Since the relief sought pertains to the requirement of a CUP for the facility, we find that the SLCRMA, and not the APA, determines the venue of the instant case.

Louisiana Revised Statutes 49:214.35(E) states that proceedings for review may be instituted by filing a petition in the district court of the parish in which the proposed use is to be situated within 30 days after mailing of notice of the final decision by the LDNR secretary or, if a reconsideration is requested within 30 days after the decision thereon. Notwithstanding the argument that Deep South's petition for review of LDNR's denial of its petition for declaratory order is essentially an out-

8

of-time appeal, we find that the applicable statute designates the proper venue as Plaquemine Parish, where the proposed use is situated. As such, the district court was correct in finding that East Baton Rouge was the improper venue for the instant case.

Next, we must consider whether the district court abused its discretion in denying Deep South's request to transfer the matter to Plaquemines Parish. Returning to the jurisprudential rule stated in *DeForest*, if a plaintiff knowingly files suit in the wrong venue, dismissal is the proper action for the court to take. As stated above, Deep South attempted to obtain the same remedy from LDNR with the same operative facts in its petition for declaratory order that Sierra Club attempted to obtain through its petition for reconsideration. Since Sierra Club joined with Deep South and Healthy Gulf in the petition for declaratory order, Deep South would have been aware of Sierra Club's prior attempt; however, Sierra Club failed to file a petition for review in Plaquemine Parish within thirty days of LDNR's denial of its petition, so review of that decision had prescribed. Deep South would have been aware of this, which is why it attempted to file essentially the same petition, but with a different title, invoking the APA to gain venue in East Baton Rouge Parish instead of Plaquemines Parish. Deep South therefore would have been aware that Plaquemines Parish was the proper venue but could no longer file suit in that venue because prescription pursuant to La. R.S. 49:214.35(E) had already run.

Since we find that Deep South knowingly filed suit in the wrong venue, we also find, according to the rule in *DeForest*, that the district court properly denied Deep South's request to transfer the matter to Plaquemines Parish.


**DECREE**

The judgment of the 19th Judicial District Court, which sustained the declinatory exception raising the objection of improper venue filed by State of Louisiana through the Department of Natural Resources and dismissed the petition

9

of review filed by Deep South Center for Environmental Justice, Healthy Gulf and Sierra Club, is affirmed. All costs of this appeal are assessed to the appellants.

**WRIT DENIED, JUDGMENT AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1202

DEEP SOUTH CENTER FOR ENVIRONMENTAL JUSTICE, HEALTHY
GULF AND SIERRA CLUB

VERSUS

SECRETARY, LOUISIANA DEPARTMENT OF NATURAL RESOURCES

**GUIDRY, C.J., dissents and assigns reasons.**

**GUIDRY, C.J., dissenting.**

I respectfully disagree with the majority's decision affirming the district court's judgment sustaining the declinatory exception raising the objection of improper venue filed by the State of Louisiana through the Department of Natural Resources (LDNR).

Pursuant to La. R.S. 49:977.4, petitioners, Deep South, et al, filed a Petition for Declaratory Order and Ruling as to the Applicability of Statutory Provision and Rule Requiring a Coastal Use Permit for Venture Global Plaquemines, LNG, which sought, among other relief, an order declaring the applicability of La. R.S. 49:214.30(A)(1) and La. Admin. Code tit. 43, Part I, §723(A)(2). Thereafter, LDNR denied the petition. Petitioners sought judicial review of the denial of their petition in the 19th JDC in East Baton Rouge Parish. Pursuant to the provisions of La. R.S. 49:978.1, the determination of declaratory orders and rulings shall have the same status as agency decisions or orders in adjudicated cases, and as such, venue is proper in the district court of the parish in which the agency is located. See La. R.S. 49:978.1. In the instant case, petitioners filed their petition for review in the 19th JDC in East Baton Rouge Parish, the parish in which LDNR is located, seeking review of LDNR's denial of their petition for declaratory order and ruling as to the

applicability of statutory provision and rule. To the extent that a petition for declaratory order and ruling as to the applicability of a statute or rule is a permissible form of procedure as recognized by La. R.S. 49:977.4, venue would be proper in East Baton Rouge Parish. The determination as to the actual substance of the petition and the relief to which petitioners would be entitled is for the district court to decide on the merits of the petition for review, not on an exception raising the objection of improper venue. As such, I would find that the district court erred in sustaining the exception raising the objection of improper venue and dismissing petitioner's petition for review.